LUCIUS G. FISHER

*v.*

THE PEOPLE *ex rel.* Charles Kern.

*Filed at Ottawa April 1, 1895—Rehearing denied October 11, 1895.*

PUBLIC IMPROVEMENTS—*application for judgment for delinquent special assessment—defenses.* It is not a defense to an application for judgment on the delinquent list, against property assessed for improvements, that the ordinance was invalid or the work not in accordance therewith, where the owner had his day in court on the judgment for the assessment.

| | |
|---|---|
| 157 | 85 |
| 160 | 654 |
| 157 | 85 |
| 165 | 69 |
| 157 | 85 |
| 168 | 338 |
| 157 | 85 |
| 169 | 474 |
| 172 | 36 |
| 157 | 85 |
| 174 | 370 |
| 157 | 85 |
| 177 | 342 |
| 157 | 85 |
| 183 | 571 |
| 157 | 85 |
| 183 | 571 |
| 157 | 85 |
| 188 | 414 |
| 157 | 85 |
| 191 | 379 |
| 191 | 380 |
| 157 | 85 |
| 201 | 438 |

APPEAL from the County Court of Cook county; the Hon. FRANK SCALES, Judge, presiding.

On March 14, 1892, the city council of the city of Chicago passed an ordinance providing that Cottage Grove avenue, from Seventy-fifth street to Ninety-fifth street, (except sixteen feet in the middle thereof,) be curbed with wooden curbing, filled and macadamized. The first section of the ordinance provided the kind and quality of posts and planks to be used in the curbing, and "that said Cottage Grove avenue (excepting a space sixteen feet wide in the middle of said Cottage Grove avenue between said points) be and the same is hereby ordered filled to within nine inches of the grade of the pavement, with sand." Upon this roadway was to be spread a layer of broken limestone, etc., which was to be rolled and puddled. Commissioners were appointed to make the estimate, and a petition was filed in the county court, upon which commissioners were appointed to assess benefits, who returned the assessment roll into court, and thereafter the roll was confirmed, first, as to property not objected for; and second, at another term of court, as to all property objected for, including appellant's. The case, as docketed in the county court, was numbered 13,620 and the judgment warrant was numbered 15,883. In due course the judgments were certified to the city collector and by him to the county collector, who made application to the county court for judgment against appellant's property as delinquent. Appellant appeared and filed objections to the entry of judgment as to his property, urging irregularities in the proceedings, and a failure upon the part of the city of Chicago to do the work in accordance with the ordinance. These objections were heard, overruled, and judgment entered. An appeal was taken from that judgment, and the record is brought to this court for review.

Ullmann & Hacker, for appellant.

William J. Donlin, N. M. Jones, and Harry Rubens, Corporation Counsel, for appellee.

Mr. Justice Phillips delivered the opinion of the court:

The appellant insists the ordinance is void because it failed to state the proposed improvement lies within the city of Chicago, and that two or more judgments were entered, and the court was without jurisdiction to enter more than one judgment on the proceeding for special assessment. Both these questions were passed upon by this court in *Wisner* v. *People ex rel.* 156 Ill. 180, and determined adversely to this contention.

It is further urged that the improvement has not been made in accordance with the ordinance, and but a part of Cottage Grove avenue in front of appellant's property has been macadamized and graded under the ordinance. The appellant was a party to the proceeding for special assessment, and appeared and filed his objections thereto, which were subsequently withdrawn, and judgment was entered and the assessment duly certified and the contract for the improvement let by the city. Appellant had his day in court, and is bound by the adjudication as to the special assessment on the particular real estate, in the absence of fraud. The assessment being valid and binding, the certification for collection followed as a part of the judgment, in pursuance of the statute. The city owed the duty to owners of property assessed to perform the work for which the assessment was adjudged, in pursuance of the terms and provisions of the ordinance. For its failure to comply with that duty the law provides adequate remedies to compel performance, or prevent a material departure from the plan and character of the work as proposed by the ordinance. With the contract for the improvement let and the work performed

a liability has been incurred, which was to be paid by the money derived from the levy so made, and in the absence of fraud in the estimate or in the manner of the work done the appellant cannot be heard, in a proceeding to collect the tax, as here shown, to say that the work was not done as contemplated. It is not a defense to an application for judgment on the delinquent list to say that the ordinance was invalid or the work not in accordance therewith.

It was said in *Clark* v. *People ex rel.* 146 Ill. 348: "It is the general rule, that where the court has jurisdiction of the parties and the subject matter in a particular case, its judgment, unless reversed or annulled in a direct proceeding, is conclusive, and is not open to collateral impeachment by the parties thereto or their privies. (1 Black on Judgments, sec. 345.) This rule has been applied by this court to judgments confirming special assessments. *People* v. *Brislin*, 80 Ill. 423; *Lehmer* v. *People*, id. 601; *Prout* v. *People*, 83 id. 154; *Chicago and Northwestern Railway Co.* v. *People*, id. 467; *Andrews* v. *People*, id. 529; *Gage* v. *Parker*, 103 id. 528; *Blake* v. *People*, 109 id. 504; *Riverside* v. *Howell*, 113 id. 256; *Schertz* v. *People*, 105 id. 27; *Murphy* v. *People*, 120 id. 234; *Riebling* v. *People*, 145 id. 120."

With the validity of the assessment determined adversely to the appellant, no question can arise on the objection to judgment on the delinquent list arising from the manner in which the work was done and performed. *Clark* v. *People ex rel. supra; Schertz* v. *People ex rel. supra.*

The judgment is affirmed.

*Judgment affirmed.*