H. H. WALKER *et al.*

*v.*

THE PEOPLE *ex rel.* Kochersperger, County Treasurer.

*Opinion filed November 8, 1897—Rehearing denied December 14, 1897.*

1. TAXES—*what not a defense to application for judgment of sale for delinquent assessment.* The failure of a special assessment ordinance to sufficiently describe the nature, character and locality of the improvement is not a defense to an application for judgment of sale for the delinquent assessment, unless such failure is so complete as to render the ordinance void.

2. SAME—*that assessment commissioners did not take oath is no defense to an application for sale.* Failure of assessment commissioners appointed to assess the cost of the improvement to take the oath required by statute is not a defense to an application for judgment of sale for the delinquent assessment.

APPEAL from the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

This is an appeal from a judgment of the county court of Cook county, entered September 30, 1896, against the property of the appellants, upon the application of the county treasurer for a judgment of sale of delinquent land and lots for the first installment of a special assessment levied and assessed by the authority of the village of Grossdale for the improvement of Burlington boule-

vard. A judgment was entered, from which this appeal was prosecuted. The points relied upon to secure a reversal of this judgment are, that the ordinance did not state the nature, character, locality and description of the improvement, and that the commissioners appointed to assess the cost of the improvement did not take the oath required by the statute.

STEELE & ROBERTS, GEORGE H. TAYLOR, and ALBERT MARTIN, for appellants.

WILLIS MELVILLE, (AMERICUS B. MELVILLE, of counsel,) for appellee.

Mr. CHIEF JUSTICE PHILLIPS delivered the opinion of the court:

Appellants were parties to the proceeding for a special assessment and had their day in court, and they are bound by the adjudication in the special assessment on the particular real estate, in the absence of fraud, where there is jurisdiction of the person and subject matter. It is not a defense to an application for judgment on a delinquent list to say that the ordinance was invalid because it failed to state the nature, character, locality and description of the improvement, unless the failure to comply with the requirement of the statute in that regard is such as to render the ordinance absolutely void. (*Fisher* v. *People ex rel.* 157 Ill. 85; *People ex rel.* v. *Ryan*, 156 id. 620; *McChesney* v. *People ex rel.* 159 id. 223.) No such fatal defect appears in this ordinance. It is in substantial conformity with the statutory requirement. Neither can the lot owner, in a collateral proceeding, impeach the assessment because the commissioners appointed to assess the cost of the improvement did not take the oath in form as required by the statute. *Fisher* v. *People ex rel. supra.*

The judgment of the county court of Cook county is affirmed.

*Judgment affirmed.*