S. E. Gross

*v.*

The People *ex rel.* Kochersperger, County Treasurer.

*Opinion filed April 21, 1898.*

1. Special assessments—*defect in ordinance must go to its life to be available on application for sale.* Unless there is a total failure to include in an ordinance the necessary element of a specification of the nature, character, locality and description of the improvement required by the statute, the mere fact that the specification is defective in some respect is not a defense to an application for judgment of sale.

2. Same—*purpose of provision in paving ordinance concerning grade stated.* The purpose of the provision in a paving ordinance concerning the grade of the street is to show the amount of excavation and filling, so an intelligent estimate can be made of the cost.

3. Same—*what a sufficient specification of grade in paving ordinance.* A provision in an ordinance for paving a street having no established grade, which requires that the center thirty feet of the street be brought to "a uniform grade" and excavated a specified depth at the center and sides, then covered with broken stone to a specified depth and the remainder of the excavated space filled with macadam, is a sufficient specification of the grade.

4. Same—*what is not such a delegation of power to engineer as vitiates ordinance.* A provision in a paving ordinance which authorizes the supervising engineer to set grade stakes, make profiles and see that the work is done according to specifications, does not delegate such discretionary power concerning the character of the improvement as renders the ordinance void.

Appeal from the County Court of Cook county; the Hon. Orrin N. Carter, Judge, presiding.

Young, Makeel & Bradley, (Steele & Roberts, of counsel,) for appellant:

It is necessary that a grade be established in the construction of an improvement, such as macadamizing, curbing and grading a street. It is not necessary to set out the grade ordinance in the petition, but it must exist. *White* v. *Alton,* 149 Ill. 626; *Washington Ice Co.* v. *Chicago,* 147 id. 327; *Carlinville* v. *McClure,* 156 id. 492.

An ordinance which reposes in the board of public works or the village engineer the authority to determine the nature, character and locality of an improvement, and its extension, such as the establishment of the grade of the street, and determine the amount of excavation and filling, is void. *People* v. *Hurford,* 167 Ill. 226; *Cass* v. *People,* 166 id. 126; *Otis* v. *Chicago,* 161 id. 199; *Railroad Co.* v. *Chicago,* 56 id. 454; *Andrews* v. *Chicago,* 57 id. 239; *Smith* v. *Duncan,* 77 Ind. 92; *Kankakee* v. *Potter,* 119 Ill. 324; *Ogden* v. *Lake View,* 121 id. 424; *Levy* v. *Chicago,* 113 id. 650; *Sterling* v. *Gault,* 117 id. 11.

ALLEN G. MILLS, (CLAYTON E. CRAFTS, of counsel,) for appellee:

Failure of the city engineer to furnish maps and plans referred to in the ordinance does not affect the validity of an assessment if there is a detailed description of the improvement in the ordinance. *White* v. *Alton,* 149 Ill. 626.

An improvement ordinance is not invalidated by nugatory provisions which may be eliminated and leave the ordinance complete. *Cole* v. *People,* 161 Ill. 16; *Alton* v. *Middleton,* 158 id. 442; *Cunningham* v. *Peoria,* 157 id. 499.

One objecting to a judgment of sale is concluded by the judgment of confirmation as to all objections which he might have raised in that proceeding. *Railway Co.* v. *People,* 154 Ill. 256; *Boynton* v. *People,* 155 id. 66; *Kimball* v. *People,* 160 id. 653; *Doremus* v. *People,* 161 id. 26; *Steinberg* v. *People,* 164 id. 478; *Pells* v. *People,* 159 id. 580; *Weber* v. *People,* 164 id. 412; *People* v. *Lingle,* 165 id. 65; *People* v. *Colvin,* 165 id. 67; *O'Neil* v. *People,* 166 id. 561.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

This is an appeal from the judgment entered by the county court of Cook county for the sale of lands of appellant which were delinquent as to the second installment of eight special assessments levied by the village of

Grossdale to pay the cost of grading, curbing and macadamizing eight streets in that village. The cases were consolidated and heard together by the county court. There had been judgments confirming the special assessments, and it was stipulated in this case that the proceedings for confirmation were in all respects regular.

The claim of appellant is, that the ordinances for the improvements failed to specify the nature, character, locality and description thereof, and lodged a discretion in the village engineer which was contrary to law, and that for these reasons the ordinances are wholly void and subject to attack in this proceeding. The ordinances are alike in the description of the several improvements and in the features which are objected to, and one of them, for the improvement of Burlington boulevard, was before us in the case of *Walker* v. *People*, 169 Ill. 473, and was held to be in substantial conformity with the statutory provision. We see no reason for changing that conclusion. The rule is, that unless there is a total failure to include in an ordinance the necessary element of a specification of the nature, character, locality and description of the improvement required by the statute, the mere fact that the specification is defective in some respect will not be a defense on the application for judgment on a delinquent list. (*Steenberg* v. *People*, 164 Ill. 478; *People* v. *Lingle*, 165 id. 65.) The ordinance was held void and the judgment of confirmation subject to collateral attack in *Cass* v. *People*, 166 Ill. 126, because the ordinance clothed the department of public works with discretionary power to determine how the improvement should be made. That was also the case in *People* v. *Hurford*, 167 Ill. 226.

The main argument here is, that no grade had been established for the several streets at the time of the passage of the ordinances and that grades were not established by the ordinances themselves. The provision in that respect was, that the center thirty feet of the street designated in the particular ordinance should be brought

to a uniform grade, under the direction of the engineer in charge, excavated to a certain depth at the center and sides, particularly stated, and then covered with broken stone of the kind, size and quality described in the specifications to a certain depth, to be covered with crushed stone of the size, kind and quality described in the specifications to a depth stated, and the road-bed covered with a top dressing of fine limestone screenings of sufficient depth to make a smooth top and solid surface, after having been wet and thoroughly rolled.   The provision for grading was followed by the requirement for macadam, exactly filling the depth of the space and making the curb lines correspond with the central line of the street.  This provision as to the grade, as we understand it, was simply that the natural surface of the ground was to be brought to a level, and as leveled was to be the finished grade of the improvement.  To bring the street to a uniform grade would be to make it level, or on an evenly progressive ascent or descent, throughout its length, cutting where necessary and filling low places.   The purpose of some provision of that kind in the description of the improvement is to show what amount of excavation and filling is required to be made, so that an intelligent estimate of cost can be arrived at.  (*Washington Ice Co.* v. *City of Chicago,* 147 Ill. 327; *City of Carlinville* v. *McClure,* 156 id. 492.)  We think these ordinances fulfilled all the requirements of the statute.

It is objected that discretion was given to the engineer to determine upon the nature of the improvement.   But the provisions of the ordinances objected to were merely for setting stakes, making necessary profiles, and seeing that the work was executed according to the specifications.   The engineer was given no discretion as to the character of the improvements, but that was particularly provided for in the ordinances and specifications.

The judgment of the county court will be affirmed.

*Judgment affirmed.*