S. E. GROSS

*v.*

THE VILLAGE OF GROSSDALE.

*Opinion filed December 21, 1898.*

1. Upon the authority of *Walker* v. *People*, 170 Ill. 410, where the ordinance here involved was in question, the court holds that the ordinance is not void for uncertainty, nor for providing that the board of trustees reserved the right to reject proposals.

2. BILLS OF EXCEPTION—*in absence of bill it is presumed the court heard evidence to sustain its finding.* In the absence of a bill of exceptions it will be presumed, on appeal, that the county court heard evidence sufficient to sustain its finding that the commissioners appointed to spread an assessment took the oath required by law.

3. SPECIAL ASSESSMENTS—*division into installments—effect of subsequent change in aggregate of installments.* After an assessment has been divided into installments, in accordance with the statute, the fact that a change is made in the amount of the several installments by reason of the dismissal as to part of the property, so that they are no longer multiples of $100, is not ground for reversing the confirmation nor for a new division into installments.

WRIT OF ERROR to the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

YOUNG, MAKEEL & BRADLEY, and STEELE & ROBERTS, for plaintiff in error.

ALLEN G. MILLS, for defendant in error.

Mr. JUSTICE CRAIG delivered the opinion of the court:

This was a writ of error sued out by S. E. Gross to reverse a judgment of the county court of Cook county confirming a special assessment levied and assessed by the village of Grossdale for the construction of a connected system of drains and sewers in and along the streets and avenues of the village.

It is first contended by plaintiff in error that the ordinance is void for uncertainty. In *Walker* v. *People*, 170 Ill. 410, this ordinance was before the court and the same question was raised, and we held that the ordinance was valid. The ruling in that case on the question again raised must be conclusive here.

It is also claimed that the ordinance is invalid because it provides that the board of trustees reserves the right to reject any proposals at its discretion. That question was also raised and disposed of in the *Walker case* adversely to the contention of plaintiff in error, and further discussion of the question is not deemed necessary here.

It is next contended that the commissioners appointed by the court to levy and spread the assessment were not qualified as commissioners because they did not take the oath prescribed by the law. The oath copied into this record and alleged to have been administered was as follows: "We, the undersigned commissioners, appointed, etc., do solemnly swear that we will a true and impartial assessment make of the cost of said improvement upon the village of Grossdale, or any property benefited by said improvement, to the best of our ability and according to law." Upon the application to confirm the assessment it was a question for the court to determine whether the commissioners had taken the oath required by law. This record contains no bill of exceptions, hence what evidence was before the court in regard to the nature or character of the commissioners' oath we have no means of knowing. It nowhere appears that the oath copied into the record, and claimed to be defective, was the only

one taken by the commissioners. In the absence of proof to the contrary it will be presumed that there was ample evidence before the county court that the oath administered to the commissioners conformed to the law. If the plaintiff in error desired to call in question the judgment of the county court on the ground that the commissioners had not taken the oath required by law he should have prepared a bill of exceptions, and shown therein that the oath copied into this record was the oath, and only oath, administered to the commissioners. Had this course been pursued then he might properly have raised the question attempted to be raised, but upon this record the question in regard to the validity or sufficiency of the commissioners' oath does not arise.

It is next claimed that the judgment should be reversed because the assessment as divided into installments is not now in compliance with the act of 1893, because the aggregate of the last nine installments is not in multiples of $100. Section 8 of the ordinance provides as follows:

"Sec. 8. That said assessment shall be divided into and collected by installments, ten in number, in accordance with the provisions of an act of the General Assembly of the State of Illinois entitled 'An act to authorize the division of special assessments in cities, towns and villages into installments,' etc., approved June 17, 1893, in force July 1, 1893. The first of the installments shall be due and payable on and after the confirmation thereof, and the second installment one year thereafter, and so on until all are paid. But said divisions shall be so made that the first installment shall include all fractional amounts, leaving each of the remaining installments equal in amount and multiples of $100, which said assessments and installments shall bear interest from and after thirty (30) days succeeding the day of the confirmation, at the rate of six per cent, and be collected in like manner as is now provided by law."

Under the above section of the ordinance the assessment was divided in strict conformity to the statute. This is conceded in the argument, but it appears that after the division had been made the assessment proceedings were dismissed as to a portion of the property embraced in the assessment roll, and by deducting the several amounts assessed on the property so dismissed from the proceeding from the original amount of the assessment as divided by the ordinance the aggregate of the last nine installments will not be multiples of $100. We do not regard the position of plaintiff in error well taken. When the corporate authorities of the city, town or village make a division of the assessment by ordinance, as required by the act of June 17, 1893, the fact that changes may subsequently be made in the amount of the several installments by the dismissal of the assessment proceedings as to a part of the property embraced in the assessment roll cannot be held as a sufficient ground to reverse the judgment of confirmation. If the corporate authorities make a division of the assessment as required by the statute, when the division is made they have fully discharged their duty, and they are under no obligation to make a subsequent division owing to the fact that some of the property embraced in the assessment may be relieved from the assessment, by trial or otherwise.

It is also claimed that the judgment is erroneous because in the application to confirm the assessment the petition was dismissed as to certain property embraced in the assessment roll. The same question was raised in *Walker* v. *People, supra,* and after full consideration we held it was not sufficient ground to reverse the judgment. The ruling in that case must control here.

The judgment of the county court will be affirmed.

*Judgment affirmed.*