## S. E. GROSS

*v.*

## THE VILLAGE OF GROSSDALE.

*Opinion filed December 21, 1898.*

NAMES—*when different names will be presumed to denote same person.*
In the absence of contrary proof it will be presumed, on appeal
from a confirmation judgment, that a commissioner appointed un-
der the name of "Frank Bettie" was the same person who signed
the estimate as "Frank W. Beattie," as the middle initial is no
part of the name and the surnames are *idem sonans.*

WRIT OF ERROR to the County Court of Cook county;
the Hon. ORRIN N. CARTER, Judge, presiding.

YOUNG, MAKEEL & BRADLEY, and STEELE & ROBERTS,
for plaintiff in error.

ALLEN G. MILLS, for defendant in error.

Mr. JUSTICE WILKIN delivered the opinion of the court:

The county court of Cook county confirmed a special
assessment against the property of the plaintiff in error
for the purpose of improving Burlington boulevard, in
the village of Grossdale, and this writ of error is sued
out to reverse that judgment.

The first error assigned is, that the commissioners
appointed to levy and spread the assessment were not
qualified to act as such, for the reason that the oath
taken by them was not the one prescribed by the statute.
It appears that the commissioners took an oath to make
an assessment of the costs of said improvement "upon
the village of Grossdale *or any* property benefited," in-
stead of "upon the village of Grossdale *and the* property
benefited." The substitution of the words "or any" for
the words "and the," plaintiff in error contends is such a
variance from the prescribed oath as will invalidate the

judgment of confirmation; that the oath taken gives the commissioners a discretion in spreading the assessment; that they might assess the whole cost against the village or against one or more properties benefited, and not against all "the property benefited." This precise question arose and was presented in the same manner as it is here, viz., without any bill of exceptions, in a case between the same parties (176 Ill. 572,) involving the validity of an assessment for the construction of a system of drains and sewers. What is said in the opinion in that case on the point is decisive of the same here, adversely to the contention of plaintiff in error.

The second objection urged is, that the persons appointed by the ordinance to estimate the cost of the proposed improvement did not make and sign the estimate. It appears that by the ordinance one *Frank Bettie* was appointed as one of the commissioners, but the estimate returned is signed by *Frank W. Beattie.* No proof is made that Frank Bettie and Frank W. Beattie are two different persons. It has frequently been held that the middle initial is no part of the name. (See *Langdon* v. *People*, 133 Ill. 382; *Erskine* v. *Davis*, 25 id. 251.) The insertion of an "a" in the surname creates an instance obviously within the doctrine of *idem sonans.* Here, all the presumptions are in favor of the validity and regularity of the judgment, and in the absence of proof to the contrary it will be presumed that "Bettie" and "Beattie" are one and the same persons.

The final contention of plaintiff in error,—that the ordinance providing for the proposed improvement is void because it reposes a discretion in the village engineer, and does not describe the nature, character and locality of the proposed improvement,—is sufficiently answered by the opinion rendered in the case of *Walker* v. *People*, 169 Ill. 473, (re-affirmed in *Gross* v. *People*, 169 id. 635,) and *Gross* v. *People*, 172 id. 571, where the ordinance in question is expressly held to be good.

No complaint is made of any unfairness, injustice or partiality in the making and spreading of the assessment. We do not think the errors assigned warrant a reversal of the judgment of the county court.

*Judgment affirmed.*