FRANCES W. SHEPARD

*v.*

THE PEOPLE *ex rel.* S. B. Raymond, County Treasurer.

*Opinion filed December 16, 1902—Rehearing denied February 5, 1903.*

1. SPECIAL ASSESSMENTS—*when objection that grade was not established is not available.* A paving ordinance requiring the pavement, when completed, to be at "the established grade" of the street is not void, and the judgment of confirmation cannot be attacked upon application for sale upon the ground that a grade had not been established when the ordinance was passed.

2. SAME—*defects in description should be taken advantage of at confirmation.* If there is not an entire failure to specify the nature of the improvement, the fact that the ordinance may be lacking in some particulars affecting the ability of the commissioners or bidders to make an intelligent estimate of the cost does not furnish ground for objection upon application for judgment of sale.

3. SAME—*application for sale not barred by section 15 of Limitation act.* An application for judgment of sale for a delinquent special assessment is not a "civil action not otherwise provided for," within the meaning of section 15 of the Limitation act, requiring such actions to be begun within five years; nor is there any statute limiting the time for making application.

APPEAL from the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

BROWNING & SHEPARD, for appellant.

WILLIAM M. PINDELL, (CHARLES M. WALKER, and EDGAR BRONSON TOLMAN, of counsel,) for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Upon the application of the county collector of Cook county for judgment of sale against lots of appellant for a delinquent special assessment, she appeared and filed objections, which were overruled by the county court and judgment was entered against said lots.

The assessment was levied for curbing, grading, and paving with vitrified brick, Wentworth avenue, in the

city of Chicago, from Fifty-fifth street to Sixty-third street, and the assessment was confirmed by judgment entered January 25, 1896. The objections of appellant are: First, that the ordinance providing for the improvement was void because of failure to state the grade at which the pavement was to be laid; second, that said ordinance was also void for want of specifications as to the crown of the street, gutters and drains, street or alley intersections, and other matters of description; and third, that. the collection of the assessment more than five years after the judgment of confirmation is barred by the Statute of Limitations.

The ordinance required the grade of the pavement, when completed, to be at "the established grade" of said street, and it was not defective in that respect. If there had been in existence an ordinance establishing a grade, the objection would. have been of no avail, even upon application for the judgment of confirmation; but appellant offered evidence tending to prove that at the date of the ordinance there existed no ordinance fixing the grade of said street at the place of the improvement. The fact that no grade had been established having been proved, the objection would have been a good one if it had been made to the application for confirmation of the assessment. (*Northern Pacific Railroad Co.* v. *City of Chicago*, 174 Ill. 439.) The ordinance was not void, and the judgment of confirmation cannot now be attacked on the ground that a grade had not been established when the ordinance was passed.

Neither are the objections to the description of the improvement contained in the ordinance available as a defense to this application. There was not an entire failure to specify the nature of the improvement. On the contrary, the ordinance described it at great length, specifying the manner of doing the work and the kind and quality of material to be used. If the ordinance was lacking in any of the particulars now pointed out, affect-

ing the ability of the commissioners or bidders to make an intelligent estimate of the cost of the improvement, the objection should have been made upon the application for judgment of confirmation. The ordinance was not a nullity, but constituted an existing law of the municipality, under which the county court had jurisdiction to entertain the application of the city and to enter judgment confirming the assessment. *Steenberg* v. *People,* 164 Ill. 478; *Walker* v. *People,* 169 id. 473; *Gross* v. *People,* 172 id. 571; *People* v. *Talmadge,* 194 id. 67.

The last objection is, that the proceeding is barred by the Statute of Limitations, and counsel rely upon section 15 of the act in regard to limitations. (Hurd's Stat. 1899, p. 1119.) They say that this proceeding is like a suit on a foreign judgment, being separate and distinct from and collateral to the judgment of confirmation, and that therefore it is barred, under section 15, in five years. Disregarding all other questions concerning the application of section 15 to this proceeding for judgment of sale, it is sufficient to say that it is not within the terms of said section 15, not being a civil action which is not otherwise provided for. Section 51 of article 9 of the general act for the incorporation of cities and villages, (Hurd's Stat. 1895, p. 285,) under which the special assessment was levied and confirmed, provides that the assessment shall be a lien upon the real estate upon which the same may be imposed until the assessment shall be paid, and that the same proceedings may be resorted to by the collector as in the collection of State and county taxes. There is no subsequent act limiting the time within which the application may be made for judgment of sale for delinquent special assessments levied under that law.

The judgment of the county court is affirmed.

*Judgment affirmed.*