Roger T. Chew *et al.*

*v.*

The People *ex rel.* S. B. Raymond, County Collector.

*Opinion filed April 24, 1903.*

Special assessments—*confirmation judgment cannot be collaterally attacked except for want of jurisdiction.* An application for judgment of sale will not be denied because of defects in the ordinance which do not render the ordinance invalid to the extent of depriving the court of jurisdiction to enter the judgment of confirmation.

Appeal from the County Court of Cook county; the Hon. Orrin N. Carter, Judge, presiding.

Taylor & Martin, for appellants.

William M. Pindell, (Charles M. Walker, and Edgar B. Tolman, of counsel,) for appellee.

Mr. Justice Hand delivered the opinion of the court:

This is an appeal from a judgment of the county court of Cook county for the sale of certain lots located in the city of Chicago, in satisfaction of a special assessment levied thereon for the purpose of constructing a plank sidewalk on both sides of Harvard avenue from West One Hundred and Thirteenth street to West One Hundred and Eighteenth street, in said city. The appellants appeared and filed objections, which were overruled.

It is contended, *first*, that there is a variance between the estimate of the engineer and the ordinance, which renders it uncertain whether the sidewalk was to be built continuously from West One Hundred and Thirteenth street to West One Hundred and Eighteenth street, or whether the railroad crossings and street intersections were to be excluded; *second*, that it is not clear from the ordinance whether the sidewalk is to adjoin the curb line or be laid midway between the curb line and lot line; *third*, that the ordinance does not specify the number of stringers to be used in the sidewalk; and *fourth*, that the ordinance imposes a discretion in the board of local improvements in directing the work, in case an adjoining owner determines to construct the sidewalk in front of his property, to be done under the superintendence of said board.

These objections are all extremely technical, and none of them challenge the jurisdiction of the court to render the judgment confirming the assessment. While they might have been raised on the application for confirmation, they do not show the ordinance to be void and cannot be raised in this proceeding. In *Johnson* v. *People*, 189 Ill. 83, which was a "flat stone" case, it was said (p. 84): "A judgment of confirmation of a special assessment cannot be collaterally attacked except for matters going to the jurisdiction of the court to render the judgment." And in *Walker* v. *People*, 169 Ill. 473, it was held an application for judgment and sale will not be denied for defects in the ordinance unless they are of such a character as to render the ordinance absolutely void. In this case the court had jurisdiction to render the judgment of confirmation, and that judgment is binding upon the appellants and cannot be questioned by them in this collateral proceeding. *Shepard* v. *People*, 200 Ill. 508.

The judgment of the county court will be affirmed.

*Judgment affirmed.*