(No. 37660.—

JOHN J. HOGAN, Appellant, *vs.* IDA BLEEKER *et al.*—(RAE WINOKUR *et al.*, Appellees.)

*Opinion filed Sept. 27, 1963.—Rehearing denied Nov. 25, 1963.*

SCHUYLER, STOUGH & MORRIS, of Chicago, and MICHAEL J. PUCIN and GLEN K. SEIDENFELD, both of Waukegan, (DANIEL M. SCHUYLER, and EDGAR D. BALLARD, JR., of counsel,) for appellant.

ARNOLD M. FLAMM, of Chicago, (MARSHALL E. WINOKUR, of counsel,) for appellees.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

This was an action filed August 31, 1961, to foreclose liens of special assessments purchased by plaintiff's predecessor in title from the city of Waukegan in 1951. The circuit court entered a final decree foreclosing the liens and directing sale of six parcels of real estate owned by defendants and dismissed a counterclaim praying for removal of the liens as clouds upon title. The Appellate Court, Second District, reversed the decree of the circuit court. This court allowed leave to appeal.

In question is the effect of a statutory amendment of July 11, 1957, (Ill. Rev. Stat. 1961, chap. 24, par. 9—2—70,) (section 84—56a as originaly added), requiring the bringing of suit to foreclose a special assessment lien within five years from the date of sale and assignment. The Appellate Court held that the five-year limitation period must be given a retroactive effect so as to bar the cause of action.

At various times prior to 1951, the city of Waukegan levied assessments against each of the six parcels of real estate involved, which were subsequently confirmed by the county court and became liens against the real estate. On April 10, 1951, acting pursuant to an ordinance of the city and to the authority then in section 84—56 of the Revised

Cities and Villages Act, the city of Waukegan offered the liens for sale, together with others. As of the date of sale, the total liens on the six parcels were $10,101.16 of which $4,342.52 was principal and $5,758.64 interest accrued to sale date. Plaintiff's predecessor in title paid $300 for the liens on the six parcels, $20 for each of five lots and $200 for one lot.

The validity of the sale was upheld by this court in *People ex rel. Drobnick* v. *City of Waukegan,* 1 Ill.2d 456 (1954) and no question is raised here with respect to such validity of sale.

Plaintiff brought suit to foreclose the liens of these special assessments on August 31, 1961, some 10½ years after the date of the sale and 4 years after the adoption of the 1957 amendment. The answer of defendants set up that the suit was barred by the five-year limitation period imposed by the 1957 amendment adding section 84—56a. Subsequent amendments to the answer asserted that enforcement of the liens was also barred by various sections of the Limitations Act. Defendants also filed a counterclaim on the same grounds to remove the liens as clouds on title. Plaintiff filed a motion to strike parts of the answer and counterclaim on the grounds that the 1957 amendment was not intended to have retroactive operation and if so construed would be unconstitutional. Defendants filed motion for a decree on the pleadings.

The circuit court entered a decree finding that the court had jurisdiction over the subject matter of the suit; that the 1957 amendment was not to be given retroactive effect; that plaintiff was entitled to foreclose and sell the real estate; that the provisions of the Limitations Act were not applicable; and the counterclaim should be stricken. The court decreed foreclosure and sale. The Appellate Court reversed the decree on the grounds that the five-year limitation period of the 1957 amendment must be given a retroactive effect so as to bar the action.

Prior to July 11, 1957 section 84—56 of the Revised Cities and Villages Act provided: "Either the municipality or the assignee of that judgment lien, at any time in its or his own name, may file a bill to foreclose the lien in the same manner that foreclosures are permitted by law in case of delinquent general taxes." By amendment of 1957 the General Assembly provided in section 84—56: "Subject to the provisions of Section 84—56a of this Act, the municipality or its assignee may file a complaint to foreclose the lien in the same manner that foreclosures are permitted by law in case of delinquent general taxes." Section 84—56a was added, providing among other things: "The assignee of a special assessment lien may not later than 5 years after the date of the sale and assignment of the special assessment lien by the municipality file a complaint to foreclose the lien. The lien of a special assessment which has been assigned and any right of action to foreclose the same shall not expire during the pendency of a proceeding to foreclose the lien commenced within 5 years from the date of the sale and assignment of the lien by the municipality. If no action is commenced within 5 years from the date the lien is assigned by the municipality, the lien and all right of action to enforce the same shall expire and cease to exist."

As we noted in the case of *Orlicki* v. *McCarthy,* 4 Ill.2d 342, "The problem of the retroactive application of amendments is not novel in Illinois case law, and it is one upon which the jurists are not in agreement, either in their conclusions or rationale, not only in Illinois, but also in other jurisdictions." As a general rule, however, statutes will not be construed retroactively unless it clearly appears such was the legislative intention. (See, *e.g. Ogdon* v. *Gianakos,* 415 Ill. 591.) But this general rule is not ordinarily applied to statutes which relate merely to remedies and forms of procedure and which do not affect substantive rights, (*Diamond T Motor Car Co.* v. *Industrial Com.* 378 Ill. 203.) Where a statute giving a special remedy is amended without

a savings clause in favor of pending actions, all actions affected must be decided in conformity to the law then existing, both in the trial and Appellate Courts, without regard to whether the actions accrued before or after such change, or whether action had been previously instituted. (*In re Monaco*, 287 Ill. App. 540.) We have held that the legislature has the power to withdraw jurisdiction of the courts over statutory causes of action and the exercise of that power leaves all such causes of action and pending suits where the repeal finds them. (*People ex rel. Eitel* v. *Lindheimer*, 371 Ill. 367; *Orlicki* v. *McCarthy*, 4 Ill.2d 342.) This is true despite the Statutory Construction Act (Ill. Rev. Stat. 1961, chap. 131, par. 4) which has been held not applicable to repeals. *People* v. *Lindheimer*, 371 Ill. 367; 45 Ill. L. Rev. 111.

It is true, of course, that the entire revenue system of the State of Illinois is purely statutory and the tax liens here at issue were existent only by virtue of the statutory authorization. The jurisdiction of a court of chancery to enforce such liens existed also wholly from statutory origin and was not based upon the constitution, the common law, or the inherent powers of equity. (*People* v. *Biggins*, 96 Ill. 481.) Prior to the amendatory act effective July 11, 1957, this statute granted jurisdiction to chancery courts to entertain suits for foreclosure of special assessment liens "at any time." This same section granted authority to the municipality to sell its special assessment liens. No other means besides foreclosure was provided by which the holder of a special assessment judgment lien could recover. By the amendment of 1957, the General Assembly repealed this former statute and substituted a new and narrower authority, which imposed for the first time, in addition to the aforementioned time limitation, the requirement that the sale and assignment be held under the judicial supervision of the county court after due notice to owners, bondholders and interested parties. In reliance upon those cases holding

that the legislature may withdraw jurisdiction of the court over statutory causes of action (see, *e.g. People* v. *Lindheimer,* 371 Ill. 367), appellees argue that the 1957 amendment deprived the chancery courts of jurisdiction over all suits to foreclose special assessment liens, except those where the liens have been assigned in accordance with the new statute.

This theory, as appellees recognize, would render void and unenforceable every special assessment lien sold prior to enactment of the amendment. The detailed procedures in added section 84—56a include (1) a petition to the county court, (2) notice by publication to lot owners and to the owners of bonds, (3) notice by mail to the owners of bonds, (4) notice by mail to lot owners, (5) making of a certificate of compliance by the collector of special assessments, (6) publication of notice of sale, (7) the making of a report of sale, (8) procuring an order confirming sale, (9) issuance of certificate of sale, (10) the making of notations concerning the sale on the municipality's records, and (11) the keeping of records by the county clerk. Needless to say, no selling municipality could have had knowledge of these detailed requirements prior to passage of the amendment by the legislature. Thus, if this statute in its entirety is to be applied retroactively it would invalidate every special assessment lien decree in a foreclosure brought after the amendment on a preamendment sale. Such an interpretation in the absence of an expressed intention in the amendment that it apply retroactively will not, in view of such an unusual and unfair result, be inferred. Liens purchased under the old procedure, including those involved in this case, were acquired as a result of private transactions with the various municipalities. The fact that they originated, were assigned and must be enforced pursuant to statutory authority does not, as appellees suggest, necessarily mean that they can be taken away at will. In the case of *Wood* v. *Lovett,* 313 U.S. 362, 85 L. ed. 1404, the United States Supreme Court held

invalid an Arkansas statute, the effect of which was to invalidate the rights of a purchaser at a statutory tax sale. The court there said "The federal and state courts have held, with practical unanimity, that any substantial alteration by subsequent legislation of the rights of a purchaser at tax sale, accruing to him under laws in force at the time of his purchase, is void as impairing the obligation of contract." A similar conclusion was reached by this court in the early case of *Bruce* v. *Schuyler,* 4 Gilm. 221, 278, cited with approval in the *Wood* case. We there noted "It is a well settled principle, that the repeal of a law in which a contract consists, is an infringement of the Constitution. A legislative grant is a contract of this description, and so is the one under consideration so far as relates to the conveyance. A repeal, therefore, of that part of the law that provides for a conveyance would impair to that extent, the obligation of the contract."

Appellees next suggest that at least the time limitation provision contained in the 1957 amendment should, in view of its procedural character, be applied retroactively so as to bar the instant suit. (See, *Spaulding* v. *White,* 173 Ill. 127; *Sharp* v. *Sharp,* 213 Ill. 332; *Chicago Board of Underwriters* v. *Industrial Com.* 332 Ill. 611.) Appellees rely primarily upon the case of *Orlicki* v. *McCarthy,* 4 Ill.2d 342, where we held that unless the legislature has affirmatively expressed a contrary intention, a procedural statute relating to time limitations will ordinarily be so applied.

However, even procedural or remedial statutes are not construed retroactively where to do so would deprive one of a vested property right. " 'Remedies are the life of rights, and are equally protected by the constitution. Deprivation of a remedy is equivalent to a deprivation of the right which it is intended to vindicate, unless another remedy exists or is substituted for that which is taken away.' " (*Board of Education* v. *Blodgett,* 155 Ill. 441.) This same view was also expressed in the case of *Brinker-*

*hoff-Faris Co.* v. *Hill,* 281 U.S. 673, 682, 74 L. ed. 1107, "Whether acting through its judiciary or through its legislature, a state may not deprive a person of all existing remedies for the enforcement of a right, which the state has no power to destroy, unless there is, or was, afforded to him some real opportunity to protect it."

Thus the pertinent inquiry lies not in the classification of the 1957 amendment as procedural or substantive nor in the labeling of plaintiff's lien as either contractual or statutory, but rather turns upon the issue of whether or not the liens are constitutionally protected property rights. If they are so protected then a statute affecting even statutory rights, which statute is clearly procedural in nature, but which also "takes away the old remedy * * * without providing a new one, is repugnant to the Constitution and void." (*Bruce* v. *Schuyler,* 4 Gilm. 221, 277.) In the case of *Orlicki* v. *McCarthy,* 4 Ill.2d 342, relied upon by appellees, plaintiff in fact had a reasonable time within which to bring suit prior to effectiveness of the amendment. Likewise in *Trustees of Schools* v. *Batdorf,* 6 Ill.2d 486, where this court sustained the constitutionality of the "Reverter Act" the law allowed a reasonable time (one year) during which the right could still be enforced. In the latter case, we said "The legislature may prescribe a limitation for the bringing of suits where none previously existed, as well as shorten the time within which suits to enforce existing causes of action may be commenced, provided, in each case, a reasonable time, taking all the circumstances into consideration, be given by the new law for the commencement of suit before the bar takes effect." 6 Ill.2d at 493.

In order to be entitled to constitutional protection, we held in *People ex rel. Eitel* v. *Lindheimer,* 371 Ill. 367, that a right must be a "vested right" and "must be more than a mere expectation based upon an anticipated continuance of the existing law. It must have become a title, legal or equitable, to the present or future enjoyment of property

* * *." More recent commentators have criticized this rule as actually being the statement of a conclusion and have taken the position that the real issue is whether, taking due account of prevailing economic and social conditions, the right is one which is or ought to be an appropriate subject of constitutional protection. See, *e.g.* 45 Ill. L. Rev. 109; Smead, The Rule Against Retroactive Legislation, a Basic Principle of Jurisprudence, 20 Minn. Law Review, 775; Smith, Retroactive Laws, and Vested Rights, 5 Texas Law Review 231, 6 Texas Law Review 409.

However, regardless of which test is employed, it is clear from the decisions of this court and of the Supreme Court of the United States that liens, including those authorized solely by statute, as well as the rights acquired by the purchasers at statutory tax sales, have been considered to be sufficiently substantial so as to fall within the concept of "property" that is protected by the provisions of both the Federal and State constitutions prohibiting impairment of the obligation of contract and the taking of property without due process. For example, in the cases of *Walker* v. *People ex rel. Raymond,* 202 Ill. 34 and *McCartney v. People ex rel. Raymond,* 202 Ill. 51, which cases actually turned upon a determination of legislative intent, we stated that special assessment liens are valuable property rights and are not affected by time limitation statutes subsequently enacted. See, also, *Rock Island National Bank* v. *Thompson,* 173 Ill. 593; *Armstrong* v. *United States,* 364 U.S. 40, 4 L. ed. 2d 1554, where it was held that materialmen's liens were property rights within the meaning of the fifth amendment; *Steger* v. *Traveling Men's Building and Loan Ass'n,* 208 Ill. 236; *Wood* v. *Lovett,* 313 U.S. 362, involving the rights of a purchaser at a statutory tax sale; *Bruce* v. *Schuyler,* 4 Gilm. 221.

· Prior to the passage of the 1957 amendment, there was no limit on the time within which an action might be brought to foreclose a special assessment lien. (*Shepard* v.

*People ex rel. Raymond,* 200 Ill. 508.) The liens here arose by virtue of a final judgment of the county court of Lake County. The liens in a private transaction were sold by the city of Waukegan to plaintiff pursuant to a statute which had then been in effect for some 35 years and which permitted the foreclosure of these liens at any time. The validity of such sale was subsequently sustained by this court. There is no doubt that prior to the decision of the Appellate Court in this case, these liens were marketable assets which plaintiffs could have sold for value and against the foreclosure of which there then was no valid defense.

We are of the opinion that these liens in the hands of the appellant, even though statutory in origin, are "vested" property rights within the meaning of the aforementioned rule set forth in the *Lindheimer* case and are the appropriate subject of constitutional protection. They cannot, therefore, be destroyed by applying the statute retroactively. As was noted by the United States Supreme Court in the case of *Pacific Mail Steamship Co.* v. *Joliffe,* 69 U.S. 450, 17 L. ed. 805, "when a right has arisen upon a contract, or a transaction in the nature of a contract, authorized by statute, and has been so far perfected that nothing remains to be done by the party asserting it, the repeal of the statute does not affect it, or an action for its enforcement. It has become a vested right which stands independent of the statute."

A retroactive construction, which would render the statute in question, as applied to assignments executed prior to its effective date, unconstitutional, will not therefore be adopted, particularly where a construction consistent with the statute's constitutionality appears more reasonable. The limitation period contained in the 1957 amendment was not, in our opinion, intended to be retroactive, and did not bar the foreclosure of the plaintiff's liens.

Appellees have further contended that section 15 of the Illinois Limitations Act (Ill. Rev. Stat. 1961, chap. 83, par. 16) barred the action in five years after the cause of action

arose. We held in *Shepard* v. *People ex rel. Raymond,* 200 Ill. 508, and continue to hold that a suit to foreclose a special assessment judgment lien is not within the terms of section 15, not being a civil action which is not otherwise provided for, since prior to the amendment of 1957 the law permitted the lien to be foreclosed at any time. The enactment of the amendment itself shows that the legislature did not regard the general Limitations Act to be applicable.

Because we have decided that the 1957 amendment was intended by the legislature to be of prospective application only, it is not necessary to consider appellees' further contention that the plaintiff, because he waited four years following the enactment of the amendment to bring this action, is in no position to challenge the validity of the statute on the grounds that it failed to provide a reasonable time within which to bring an action based upon a pre-1957 assignment.

For the reasons herein stated, the judgment of the Appellate Court is in error and should be reversed and the decree of the circuit court reinstated.

*Appellate Court reversed;*
*circuit court affirmed.*