People of the State of Illinois, Plaintiff-Appellee, v. Leo M. Cottine and Leo M. Cottine, d/b/a Monahan Cartage Company, Ruby I. Cottine and Labe Savings and Loan Association, Defendants-Appellants, and Josephine Cottine, Assignee of Labe Savings and Loan Association and Monahan Trucking, Inc., Appellants.

Gen. No. 47,666.

First District, Third Division.

February 27, 1959.

Rehearing denied March 20, 1959.

Released for publication March 20, 1959.

Alfred M. Loeser, of Chicago, for appellants.

Benjamin S. Adamowski, State's Attorney (Francis X. Riley, Edward J. Hladis, Assistant State's Attorneys, of counsel) for plaintiff-appellee.

PRESIDING JUSTICE FRIEND delivered the opinion of the court.

On November 28, 1955, proceedings were filed on behalf of the People to foreclose taxes for the years 1948 to 1954, inclusive, on property located at 2356 North Lincoln Avenue in Chicago. On January 25, 1956 a decree *pro confesso* of foreclosure and an order of sale were entered. The total obligation for taxes was found to be $8797.59. The sale to Joseph Purze for $17,000 was confirmed. A tax deed was issued to him, and the amount of $7579.96 in excess of the tax lien was ordered to be held by the county treasurer in escrow for the persons entitled thereto.

No redemption of the property was made, and in March 1958 the purchaser received a deed. Thereafter various other proceedings were had, including the appointment of Purze as receiver, the establishment of

rent for the premises, and a motion to vacate the appointment. On April 15, 1958, more than two years after the tax foreclosure suit was instituted, Purze filed his petition for a writ of assistance. Leo M. Cottine, Ruby Cottine, Josephine Cottine (she is sometimes referred to as Josephine Cottini), and Monahan Trucking Company filed their answer and for the first time advanced the contention that Monahan Trucking, Inc., had been incorporated on May 5, 1955, prior to the filing of the tax-foreclosure proceeding, that on May 10, 1955, five days after the incorporation, it had entered into a twenty-year lease with Leo M. and Ruby Cottine, that Monahan Trucking, Inc., had not been served with summons in the foreclosure suit, and that accordingly the writ of assistance should not issue. Pursuant to extensive hearings, the trial court ordered that the writ issue in favor of Purze. Defendants took a direct appeal to the Supreme Court of Illinois, which transferred the case here, presumably because, in the opinion of the court, no constitutional questions are involved, as all the parties had contended.

█ Defendants do not state their theory of the case. They set forth twelve separate points as grounds for reversal; the first five deal with constitutional questions which we have no jurisdiction to decide; the remaining points, consisting of innumerable subtitles with citations, narrow down to the contention that Monahan Trucking, Inc., was not a party defendant (the trucking enterprise named and served was Monahan Cartage Company), that it was not served and therefore not bound by the decree. Specifically, it is urged that Monahan Trucking, Inc., was incorporated before the foreclosure proceedings were filed, that it entered into a twenty-year lease with the Cottines, and that since it was not made a party defendant to the suit nor served with summons, the foreclosure was not binding on it, and the writ of assistance should not have issued.

564

It is conceded that Monahan Trucking, Inc., was not named a party defendant, but the People contend that the intended real party in interest was the trucking business which occupied the first floor of the premises in question; that the Cottines who owned the property and were the principal stockholders and officers of the trucking enterprise had ample notice and opportunity to protect its interest, but refused to avail themselves thereof; and that by reason of their knowledge of the foreclosure proceeding over a long period of time, their passive attitude estopped them from asserting an alleged interest which was not acted upon in any way or called to the attention of the court until some fourteen months after suit was instituted. The circumstances upon which these contentions are based require a rather lengthy recital of the events which culminated in the entry of the order from which this appeal is taken.

Before suit was instituted by the People, an investigation was made of the premises. Police Officers Joseph F. McCarthy and Charles Doherty were assigned to the State's Attorney's office; they were charged with the responsibility of investigations of tax-delinquent properties. In 1955 they investigated the property in question and filed a report which was checked by Vincent P. Flood, an Assistant State's Attorney, who had knowledge of its contents since he personally checked the building. The police officers reported that James Steiner, owner of Steiner Furniture Company, and Josephine Cottine, sister of the owner, were interviewed. They ascertained that Leo Cottine, 2354 North Lincoln Avenue, was the owner of the building; that Monahan Cartage Company, located at 2354 North Lincoln Avenue, occupied the first floor as an office and a warehouse; that Steiner Furniture Company of 2356 North Lincoln Avenue was a tenant of Leo Cottine, paying rental to him on a percentage basis; and that the company had its showroom on the

first floor and stored its furniture on the second and third floors. William Decker was attorney for Leo Cottine. A notation on the officers' report indicates that he advised Gordon Nash of the State's Attorney's office that he was reorganizing the financial structure for the owners, and that they would pay the delinquent taxes. Decker was present when McCarthy and Flood testified, and he apparently had corresponded with John Gutknecht, the incumbent State's Attorney, prior to the formation of Monahan Trucking, Inc. It was also apparent that the trial judge, who had heard the case since its inception in 1955, was aware of some negotiation between the owners and the State's Attorney's office prior to the incorporation.

The named defendants pertinent to the present controversy are Leo Cottine, Ruby Cottine, and Monahan Cartage Company. Raymond E. Trafelet filed his appearance as attorney for Leo and Ruby Cottine; it has never been withdrawn nor has any formal substitution been made. The return of the sheriff indicates that Monahan Cartage Company was served by leaving a copy of the summons with Josephine Cottine. During the court proceedings of April 30, 1958, present counsel for defendants admitted that Monahan Cartage Company was duly served. It appears that on January 11, 1956 an order of default was entered against the Cottines and Monahan Cartage Company, together with other defendants. On January 25, 1956, as heretofore stated, after notice on counsel for the Cottines, a decree *pro confesso* of foreclosure and an order of sale were entered. It further appears that a notice of motion for the appointment of receiver was served upon counsel for the Cottines before the appointment was made on July 2, 1956. Nine days later, on July 11, 1956, Leo Cottine filed his petition to vacate the order appointing a receiver. This pleading does not mention any tenancies in the building. On August 30,

566

1956 the receiver filed his verified petition for establishment of rent wherein he alleged that Leo Cottine, d/b/a Monahan Cartage Company, was occupying seventy-five hundred feet of the premises on the ground floor as an office, truck garage, and storage space, and that he had not offered to pay any rental. Cottine's answer denied this allegation but made no explanation as to his particular occupancy of the property.

On October 29, 1956 current counsel for defendants appeared in court on behalf of Cottine's petition to vacate the order appointing a receiver. He called as his witness William Decker, who testified that he was secretary of Monahan Trucking Company. Subsequently the receiver served notice of the presentment of the amendment to the petition for the establishment of rent upon Raymond Trafelet, counsel for Leo and Ruby Cottine, Alfred M. Loeser, counsel for Leo Cottine, the counsel for the Steiner Furniture Company, the State's Attorney, and Monahan Trucking, Inc., 2354 North Lincoln Avenue in Chicago. In his amendment to the petition for the establishment of rent, the receiver alleged that he was advised that Monahan Trucking, Inc., was occupying the same premises as Leo Cottine, d/b/a Monahan Cartage Company, for which Leo Cottine was receiving rental. No pleading was filed to this amendment by Cottine, nor was any clarification offered.

On February 8, 1957, after notice on counsel for the Cottines, an order was entered reciting that the ground floor of the premises was occupied by the defendants Leo M. Cottine and Ruby Cottine, d/b/a Monahan Cartage Company, and by Monahan Trucking, Inc. The Cottines and Monahan Trucking, Inc., were ordered to produce in open court, on February 14, 1957, an alleged lease between them in order that their real interest might be ascertained. No transcript of

the proceedings culminating in this order was made. However, in the course of proceedings on April 30, 1958 the trial judge recalled that the interests of Monahan Trucking, Inc., had been previously advanced, and that current counsel for defendants had spoken in behalf of these interests. The lease was not produced in open court, as ordered; it was produced, for the first time, some fourteen months later, on April 15, 1958, as an exhibit, when the defendants opposed the tax deed owners' petition for a writ of assistance. This occurred three weeks after the entry of a decree ordering the issuance of a tax deed. Thereafter notice of a petition for a tax deed was served upon the same individuals.

On March 24, 1958 the petition for tax deed was filed. An exhibit attached thereto indicates that the notice required by section 263 of the Revenue Act of 1939 [Ill. Rev. Stats. ch. 120], as amended, was addressed to, among others, Leo Cottine, Ruby Cottine, Monahan Cartage Company, 2354 North Lincoln Avenue, Chicago, Illinois, "Unknown Owners," and/or Parties in Possession of the Premises. This notice was served on the Cottines December 17, 1957. Monahan Cartage Company was served December 18, 1957 by delivery of a copy of the notice to J. (Josephine) Cottine, treasurer. No objection was interposed, and a decree ordering the entry of a tax deed was entered. In their answer to the petition for writ of assistance, defendants for the first time advanced the contention that Monahan Trucking, Inc., was organized on May 5, 1955. During the hearing on April 30, 1958 counsel for defendants represented to the court that Josephine Cottine was the majority stockholder, and that Leo Cottine owned one or two shares. During that proceeding, counsel also stated that since the inception of the corporation in 1955 Leo Cottine had been its president and Josephine Cottine its treasurer.

The claimed lease runs for twenty years, commencing June 1, 1955, at a rental of eighty-five dollars a month, plus real-estate taxes and special assessments levied against the property. The lessee corporation is charged with the duty of maintaining and repairing the premises and keeping them in a condition required by law. The lessee holds the lessor harmless and assumes all liability for damages resulting from any defect in the building. The lease is signed by Ruby and Leo Cottine. Leo Cottine signed on behalf of Monahan Trucking, Inc., as president; it was attested by William E. Decker, assistant secretary. The verified answer on behalf of Monahan Trucking Company is signed by Leo Cottine as president, and the verified rebuttal to the replication to the answer was likewise signed by Leo Cottine as president and Josephine Cottine as treasurer. It should be noted that the formation of Monahan Trucking, Inc., and the lease between Leo Cottine and Ruby Cottine and the corporation were all effected in a period less than ninety days from the date that Decker advised the State's Attorney that the owners were reorganizing and financing, and that they would pay the taxes. Finally, as heretofore stated, after hearings beginning on April 30, 1958, the court, on May 16, 1958, ordered that a writ of assistance issue to Joseph Purze, the holder of the tax deed.

A careful analysis of the record indicates that Monahan Trucking, Inc., was given ample notice and an opportunity to protect its alleged interest but failed to do so. The People concede that Monahan Cartage Company, not Monahan Trucking, Inc., was named party defendant in the foreclosure suit, but there can be no doubt on the record presented that the intended real party in interest was the trucking business which occupied the first floor of the premises in question, and the People contend that this misnomer cannot excuse the failure of Monahan Trucking, Inc., to re-

569

spond in these proceedings. The effect of a misnomer upon the rights of a party named incorrectly was considered in the early case of Pond v. Ennis, 69 Ill. 341. The court there pointed out that the only issue was whether the real party in interest was actually served. "Names are nothing," it categorically stated, and held that, under the weight of authority, "if the writ is served on a party, by a wrong name, intended to be sued, and he fails to appear and plead the misnomer in abatement, and suffers judgment to be obtained, he is concluded, and in all future litigation may be connected with the suit or judgment by proper averments; and when such averments are made and proved, the party intended to be named in the judgment is affected as though he were properly named therein."

It is clear from the evidence in this case that the real party in interest was the trucking enterprise which occupied the first floor of the premises, and in which Leo Cottine, the owner of the realty, had a real interest. Monahan Trucking, Inc., organized May 5, 1955, assumed a name similar to the name of the company previously occupying the same premises—Monahan Cartage Company; the principal, or what might be termed the family, name of the title, was unchanged. In his sworn amendment, filed November 15, 1956, the receiver alleged that Monahan Trucking, Inc., was occupying the same premises as Leo Cottine, d/b/a Monahan Cartage Company. This statement was never challenged by defendants, and the court in its order of February 8, 1957 so found.

The denial of defendants that the trucking business, known as Monahan Trucking, Inc., was not the intended real defendant in these proceedings is untenable; their own pleadings betray their contention. On April 15, 1958 they filed their answer to the petition for a writ of assistance, and from this pleading

it appears they are advancing the interest of only one trucking business; nevertheless, in this single pleading they refer to the trucking operation under three different names: Monahan Trucking Company, Monahan Trucking, Inc., and Monahan Cartage Company. A company or corporation is made up of its officers and stockholders, and while the name of the company underwent a limited change, Leo Cottine did business as Monahan Cartage Company and is president and a small stockholder of Monahan Trucking, Inc., while Josephine Cottine was treasurer and a stockholder in both companies. Such a situation suggests that Monahan Cartage Company was the predecessor company of Monahan Trucking, Inc.; both companies transacted the same kind of business, from the same address, with the same people in principal official positions and holding stock. Defendants seek relief on behalf of only one trucking enterprise, namely, Monahan Trucking, Inc., the entity which they now claim was never a party to the tax-foreclosure suit; it is significant that the relief would accrue to those individuals who had a substantial interest in the Monahan Cartage Company.

As an occupant in actual possession the trucking entity was entitled to the statutory notice required by section 263 of the Revenue Act of 1939, as amended (Ill. Rev. Stat. ch. 120, par. 744). This was accomplished by service of the notice to Monahan Cartage Company, 2354 North Lincoln Avenue, Chicago, Illinois, upon Josephine Cottine, treasurer. In their sworn answer, defendants admitted that she received the notice but denied that she was authorized to accept it on behalf of the trucking enterprise. Nevertheless, fifteen days later, during the court hearing on April 30, 1958, counsel for defendants admitted to the trial judge that Monahan Cartage Company was duly served with notice by service upon Josephine Cottine. Noth-

571

ing in the record indicates that Josephine Cottine's relationship with the trucking enterprise was severed.

■ In spite of this notice, Monahan Trucking, Inc., refused to assert its alleged leasehold interest. A tax deed then issued, pursuant to decree, and by virtue of the tax deed the purchaser received a new and independent title, free and clear from all previous titles and claims of every kind and character. Clark v. Zaleski, 253 Ill. 63. Thereafter, Monahan Trucking, Inc., was in the same position as any other party with notice. The assertion of its alleged leasehold interest, when the new owner sought his writ of assistance, actually constituted a collateral attack upon the tax deed and its effect. Cherin v. The R. & C. Co., 11 Ill.2d 447, and Allen v. Nettleton, 6 Ill.2d 141, hold that it was not entitled to make this attack. As we view this record, Monahan Trucking, Inc., was the real party to this proceeding and allowed itself to be defaulted throughout the course of litigation; its alleged leasehold interest was foreclosed, and the tax purchaser took the deed free and clear of this claim. Under the circumstances, we think the trial court properly granted the writ of assistance.

■■ In addition to the foregoing considerations, the People urge that Monahan Trucking, Inc., is estopped from asserting its alleged leasehold interest because, through its officers, who had full knowledge of these proceedings, it failed to assert its interest at the proper time. A person who stands by and witnesses the disposition of real estate without making known his claim thereon is not allowed thereafter to assert his claim. This well-recognized principle is stated in Wendell v. Van Rensselaer, 1 Johnson 344 (New York Chancery Reports, 1815), wherein Chancellor Kent summarized the principle as follows: "There is no principle better established in this Court,

nor one founded on more solid considerations of equity and public utility, than that which declares, that if one man, knowingly, though he does it passively, by looking on, suffers another to purchase and expend money on land, under an erroneous opinion of title, without making known his claim, he shall not afterwards be permitted to exercise his legal right against such person. It would be an act of fraud and injustice, and his conscience is bound by this equitable estoppel." This principle was also set out in the early Illinois case of Donaldson v. Holmes, 23 Ill. 83, and adopted in the later case of Milligan v. Miller, 253 Ill. 511, where the court said: "A fraudulent intention is not essential to the doctrine of estoppel. It is enough if a fraudulent effect would follow allowing a party to set up a claim inconsistent with his former declarations or conduct. Estoppel may arise from silence as well as words where there is a duty to speak and the party on whom the duty rests has an opportunity to speak, and, knowing the circumstances, keeps silent. . . . It is the duty of a person having a right, and seeing another about to commit an act infringing upon it, to assert his right. He cannot by his silence induce or encourage the commission of the act and then be heard to complain."

The officers and principals in Monahan Trucking, Inc., were fully aware of these tax proceedings from their inception. Leo Cottine and his wife owned the land involved. As such owners they knew of the tax delinquencies for the years 1948 through 1954, inclusive, and were represented by counsel in the proceedings from the very beginning. Leo Cottine was president of Monahan Trucking, Inc., since its formation on May 5, 1955. He signed the alleged lease on behalf of the corporation and took affirmative action in the proceeding when he sought to vacate the order ap-

573

pointing a receiver. Nevertheless, he made no effort to apprise the court of the exact nature of the occupancy on the first floor of the premises. As early as February 1955 Decker advised the State's Attorney that the finances of the Cottines were being reorganized and that the taxes would be paid; yet ninety days later Monahan Trucking, Inc., was incorporated and Decker became its secretary. He certainly was aware of the foreclosure proceeding. He testified in court on October 29, 1956 and was present in court on April 30, 1958. Josephine Cottine is the majority stockholder and has been the treasurer of Monahan Trucking, Inc., since its formation in 1955. Less than ninety days earlier she was interviewed by the police officers relative to the property; she also received the summons in question on behalf of Monahan Cartage Company. Because of these circumstances we are led to the conclusion that defendants adopted the device of quick incorporation and execution of a twenty-year lease at a time when negotiations with the State's Attorney were pending, in order to frustrate the tax proceeding. The able trial judge who, as counsel for the People express it, "had lived with . . . [the] case for almost three years," was unwilling to accept this legerdemain, as one might almost characterize it, and we think his appraisal of the situation was fully justified.

For these reasons, the order issuing the writ of assistance is affirmed.

Order affirmed.

BRYANT and BURKE, JJ., concur.