*In re* APPLICATION OF COUNTY TREASURER OF COOK COUNTY FOR SALE OF CERTAIN REAL ESTATE FOR DELINQUENT TAXES—(J. WIEBRECHT, Petitioner-Appellant, *v.* THE CITY OF CHICAGO *et al.*, Respondents-Appellees.)

(No. 56881;

First District (2nd Division)—October 16, 1973.

Orlikoff, Prins, Flamm & Susman, of Chicago, (Arnold M. Flamm, of counsel,) for appellant.

Richard L. Curry, Corporation Counsel, of Chicago, (Edmund Hatfield and John S. Elson, Assistant Corporation Counsel, of counsel,) for appellees.

Mr. JUSTICE LEIGHTON delivered the opinion of the court:

This appeal involves the construction of a statute. Appellant, J. Wiebrecht, filed a petition praying for an order directing the county clerk of Cook County to issue a tax deed conveying the parcel of real estate described in the petition. The trial court heard the cause, construed the statute and denied the petition. From this ruling, appellant presents two issues. (1) Whether a 1969 amendment to the Revenue Act of 1939 (Ill. Rev. Stat. 1969, ch. 120, par. 752.1) is retrospective and thus applicable to real estate tax sales completed prior to its effective date. (2) Whether the statute, construed by the trial court as retrospective and thus applicable to real estate tax sales completed prior to its effective date, is unconstitutional because, as so construed, it impairs the obligation of contracts and deprives appellant of due process of law.

## I.

On March 25, 1968, for the sum of $1908.65, three vacant lots in the City of Chicago were sold for delinquent 1966 real estate taxes. Certificates of purchase issued and were later assigned to appellant. As extended, the period of redemption was to expire on April 10, 1970.

At the time of the sale, the lots were subject to a $4,735 lien of the City of Chicago for money advanced to demolish buildings which had been on the lots. The lien's relative priority was governed by a law which provided that "[t]he cost of such demolition or repair shall be recoverable from the owner or owners of such real estate and shall be a lien thereon, which lien shall be superior to all prior existing liens and encumbrances, *except taxes* * * *." (Emphasis added.) Ill. Rev. Stat. 1967, ch. 24, par. 11—31—1.

Effective August 28, 1969, the Revenue Act of 1939 was amended to provide that "[n]o order for the issuance of a tax deed under any of the provisions of this Act shall be entered affecting the title to or interest in any land in which a city, village or town shall have an interest under the police and welfare power by advancements made from public funds until the claimant shall make reimbursement to the city, village or town of the money so advanced." (Ill. Rev. Stat. 1969, ch. 120, par. 752.1.) A short time later, on November 12, 1969, appellant filed a petition in which she alleged that she owned certificates of purchase to the lots in question; that no redemption had been made from the 1966 taxes; and that all taxes had been paid. She prayed for an order directing the is-

suance of a tax deed. Notice was served on all parties who had or claimed an interest in the lots, including the City of Chicago.

Thereafter, a hearing was held in which appellant proved that she had complied with all the statutory requirements for issuance of the tax deed, except payment of the demolition lien held by the City of Chicago. Appellant contended that when she acquired the certificates of purchase on March 25, 1968, a demolition lien was subordinate to liens for taxes. Therefore, the August 28, 1969 amendment to the Revenue Act of 1939, a statute that took effect almost a year and half after she acquired her rights under the certificates of purchase, could not be retrospectively applied so as to require her to pay the City of Chicago demolition lien as a condition for issuance of the tax deed. In support of her contention, appellant argued that if the amending statute were construed to apply retrospectively to real estate tax sales completed prior to its effective date, it would be unconstitutional. Appellant maintained that, so construed, the statute would deprive her of due process of law guaranteed by article II, section 2 of the constitution of Illinois and by the fourteenth amendment to the constitution of the United States. Further, appellant argued, so construed, the statute would impair the obligation of contracts in violation of article II, section 14 of the constitution of Illinois, and article I, section 10 of the constitution of the United States.

After the hearing, the trial court entered an order in which it found that appellant was the lawful owner of certificates of purchase to the lots; that the period of redemption had expired without redemption; that the City of Chicago had a demolition lien on the three lots; that the Revenue Act of 1939 was amended effective August 28, 1969, (Ill. Rev. Stat. 1969, ch. 120, par. 752.1) and required payment of a demolition lien before issuance of a tax deed; that appellant had not complied with the amendatory statute in that she had not paid nor made tender of payment to the City of Chicago for release of the demolition lien. The court found, however, that in all other respects, appellant had fully complied with all requirements of the Revenue Act for issuance of the tax deed. It further found that appellant had raised and preserved questions concerning the constitutionality of section 271.1 of the Revenue Act of 1939 (Ill. Rev. Stat. 1969, ch. 120, par. 752.1). It rejected appellant's constitutional contentions concerning the statute and ruled that the August 28, 1969 amendment to the Revenue Act (Ill. Rev. Stat. 1969, ch. 120, par. 752.1) was retrospective and "* * * was intended to be, and is, applicable with respect to tax sales occurring prior to August 28, 1969, including the sale in this case, and as so construed is valid and does not deprive petitioner of any right guaranteed to her by

the Constitution of the State of Illinois or the Constitution of the United States of America."

## II.

In determining whether the 1969 amendment to the Revenue Act is a retrospective law,[1] it must be observed that, when appellant acquired the certificates of purchase to the three lots, she became the owner of a species of personal property, a lien for taxes. (*City of Chicago v. City Realty Exchange, Inc.*, 127 Ill.App.2d 185, 262 N.E.2d 230.) This lien was authorized by the revenue laws and was a vested property right. (See *Hogan v. Bleeker*, 29 Ill.2d 181, 193 N.E.2d 844; compare *People ex rel. Eitel v. Lindheimer*, 371 Ill. 367, 21 N.E.2d 318.) As owner of the certificates, appellant, if redemption were made, had the right to be paid the $1908.65 price of the tax sale, interest, costs, and other taxes which may have been paid. (*Stamposki v. Stanley*, 109 Ill. 210; *People v. Anderson*, 380 Ill. 158, 43 N.E.2d 997.) If no redemption were made, appellant, by complying with all statutes dealing with taxation of real estate and the sale of land for delinquent taxes, was entitled to a tax deed to the lots. (*Young v. Madden*, 20 Ill.2d 506, 170 N.E.2d 551; Ill. Rev. Stat. 1967, ch. 120, par. 747.) If necessary, appellant could petition the trial court for a writ of assistance to put her in possession of the lots. (*People v. Cottine*, 20 Ill.App.2d 562, 156 N.E.2d 774; Ill. Rev. Stat. 1967, ch. 120, par. 747.) With regard to her obligations, at the time she acquired the certificates of purchase, existing law did not impose on appellant any duty to pay for the release of existing demolition liens before she could obtain issuance of the tax deed. See Ill. Rev. Stat. 1967, ch. 24, par. 11—31—1.

■■ A retrospective law is "* * * one that takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability in respect of transactions or considerations already past." (*United States Steel Credit Union v. Knight*, 32 Ill.2d 138, 142, 204 N.E.2d 4; 82 C.J.S. Statutes §412.) When a law affects vested rights, as did the statute in this case, there comes into play the public policy against retroactive legislation, a policy embedded in constitutional provisions that guarantee due process of law, prohibit *ex post facto* laws and forbid impairment of the obligation of contracts. (See *Champaign County Bank and Trust Co. v. Jutkins*, 29

---

[1] In this opinion, the term "retrospective" is used synonymously with the term "retroactive." See *United States Steel Credit Union v. Knight*, 32 Ill.2d 138, 142, 204 N.E.2d 4; Hochman, The Supreme Court and the Constitutionality of Retroactive Legislation, 73 Harv. L. Rev. 692 (1960).

Ill.2d 253, 193 N.E.2d 779.) Therefore, retrospective legislation is not favored. (*Evans v. Northern Illinois Blood Bank, Inc.*, 13 Ill.App.3d 19, 20, 298 N.E.2d 732.) As a general rule, statutes are construed prospectively unless legislative intent that they be given retrospective operation clearly appears from express language or by necessary or unavoidable implication. *Stanley v. Denning*, 130 Ill.App.2d 628, 264 N.E.2d 521; see 50 Am. Jur. Statutes §478.

■■ The 1969 amendment to the Revenue Act (Ill. Rev. Stat. 1969, ch. 120, par. 752.1) does not contain express language from which it clearly appears the legislature intended it be given retrospective operation. Nor can it be said that such legislative intent appears "by necessary and unavoidable implication." Necessary implication refers to a logical necessity; it means that no other interpretation is permitted by the words of the statute construed. See *United States v. Jones* (7 Cir. 1953), 204 F.2d 745.

The statute in question is capable of more than one interpretation. For example, it could be interpreted as applying only to certificates of purchase whose period of redemption had expired. Or, its provisions could apply only to those tax proceedings in which petitions for deeds were on file when the statute went into effect. Other interpretations are possible. This being so, the trial court must have presumed that the legislature intended to make the statute retrospective. Such a presumption, however, is contrary to the rules of statutory construction. Legislative intent that a statute shall have retrospective effect is not to be presumed. *People ex rel. Tilden v. Massieon*, 204 Ill.App. 70, *aff'd* 279 Ill. 312, 116 N.E. 639.

■■ A legislature can, in some cases, make laws that have retrospective operation, but it is not to be supposed that it so intended, unless that intention is manifested by the most clear and unequivocal expression. (See *In re Will of Tuller*, 79 Ill. 99, 107.) Such an intent is not manifested here. Therefore, we conclude it was error for the trial court to construe the 1969 amendment to the Revenue Act as a retrospective law applicable to real estate tax sales which had been completed prior to its effective date, August 28, 1969. Having reached this conclusion, we need not resolve the remaining issue.

Accordingly, the order dismissing appellant's petition for issuance of tax deeds is reversed and the cause is remanded with directions that the petition be reinstated with further proceedings not inconsistent with the views expressed in this opinion.

Reversed and remanded with directions.

STAMOS, P. J., and HAYES, J., concur.