THE CITY OF BLOOMINGTON, Plaintiff-Appellant, *v.* THE JOHN ALLAN COMPANY *et al.,* Defendants-Appellees.

(No. 12229;

Fourth District—April 4, 1974.

CRAVEN, J., dissenting.

David L. Stanczak, Corporation Counsel, of Bloomington, for appellant.

Allan L. Blair, of Chicago, for appellees.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

This is an appeal by the plaintiff, City of Bloomington, from an order granting defendants' motion to strike and dismiss the plaintiff's suit to foreclose its statutory lien for repairs made on certain real estate and to set aside a tax deed issued to the defendant, The John Allan Company, and a subsequent conveyance of the real estate to defendant, Magdalene P. Schalk; or in the alternative, to grant the city restitution for the reasonable value of the repairs it made on the property.

In October 1966, the McLean County Collector applied to the circuit court for a judgment and order of sale for the non-payment of general real estate taxes on the property in question for the year 1965. Pursuant to that judgment and order of sale, on October 24, 1966, the property was sold to Interstate Bond Company and the county clerk issued tax sale certificate No. 131. A normal redemption period of 2 years would have run to October 24, 1968; however, pursuant to section 263 of the Revenue Act, Interstate Bond Company extended the period of redemption to August 25, 1969. Ill. Rev. Stat., ch. 120, par. 744.

On grounds that the building on the land in question was unsafe, the city filed a complaint pursuant to section 11—31—1 of the Municipal Code on March 28, 1968, seeking a court order authorizing the city to repair the premises and impose a lien upon the property for the cost of repairs. (Ill. Rev. Stat., ch. 24, par. 11—31—1.) On June 7, 1968, the circuit court authorized the city to make the repairs requested and in late 1968 and early 1969 the city made repairs pursuant to the above court order in the amount of $5380.60.

On April 1, 1969, the tax purchaser, Interstate Bond Company, filed a supplemental petition within the county collector's application for judgment and order of sale for non-payment of real estate taxes stating that the extended period of redemption would expire on August 25, 1969, and asking that a tax deed be ordered to issue if no redemption was made by that time. Shortly thereafter Interstate Bond Company served notices as prescribed by sections 263 and 266 of the Revenue Act on all parties with an interest in the property, including the City of Bloomington, which had acquired an interest by virtue of its pending suit for the repair of the property. On August 25, 1969, the period of redemption expired with no redemption having been made. A court hearing was set for August 29, 1969, by virtue of the notice served pursuant to section 266 of the Revenue Act. On the court's own motion the matter was continued to September 10, 1969. On August 28, 1969, section 271.1 of the Revenue Act became effective—providing that no order for the issuance of a tax deed should be entered where any city has an

interest by virtue of the police power by advancement from public funds, until the city is reimbursed. On September 8, 1969, the city filed a notice of lien for improvements as authorized by the court. On September 10, 1969, the court entered an order directing issuance of a tax deed to the defendant, The John Allan Company, assignee of Interstate Bond Company, with an order finding "that all notice as required by law has been given and that petitioner, The John Allan Company, has complied with all provisions of law entitling it to a tax deed to said parcel of real estate." The tax deed was issued to The John Allan Company on September 10, 1969. In April 1970 the defendant, Magdalene P. Schalk, purchased the real estate in dispute from the defendant, The John Allan Company.

On August 13, 1972, the city filed a suit in the circuit court seeking in Count I to foreclose its statutory lien and set aside the tax deed and subsequent conveyances, and in Count II seeking restitution for the reasonable value of the repairs made on the premises. On September 27, 1972, the defendants filed a series of motions to strike and dismiss the plaintiff's complaint pursuant to sections 45 and 48 of the Civil Practice Act. The essence of defendant's motions was that the circuit court had acquired jurisdiction of the property in issue by virtue of the county collector's application for judgment and order of sale; thereafter there was a tax sale, and the tax purchaser served proper notices and fulfilled all other requirements prerequisite to the issuance of the tax deed. Finally a tax deed was issued by the court after finding all such requirements had been fulfilled, so that the city's complaint was actually an unauthorized collateral attack on the tax deed. The defendants further point out that the city did not directly appeal from the order to issue the tax deed, and the only other way to attack the tax deed was by section 72 of the Civil Practice Act which provides for a 2-year statute of limitations with the plaintiff's complaint being filed almost 3 years after the tax deed was issued, and further that although not denominated as such, the plaintiff's complaint does not set forth a cause of action under section 72 and that the order entered on September 10, 1969, is res judicata to the issues plaintiff attempts to raise in any event. In addition the defendant, Magdalene P. Schalk, moved to strike and dismiss the complaint of the city on the grounds that she was a bona fide purchaser relying on the tax deed of September 10, 1969, having no connection with The John Allan Company, so that no order could be entered which would interfere with her title. The hearing was held on the defendant's motion to strike and dismiss on November 7, 1972, and on January 12, 1973, the court entered an order sustaining that motion and dismissing the city's complaint.

The essence of plaintiff's complaint and its appeal is that, regardless of what had gone before, on August 28, 1969, section 271.1 of the Revenue Act went into effect providing:

> "No order for the issuance of a tax deed under any of the provisions of this Act shall be entered affecting the title to or interest in any land in which a city, village or town shall have an interest under the police and welfare power by advancements made from public funds until the claimant shall make reimbursement to the city, village or town of the money so advanced. However, in lieu of reimbursement, the tax purchaser or his assignee may make application for and the court shall order that the tax sale be set aside as a sale in error." (Ill. Rev. Stat. 1969, ch. 120, par. 752.1.)

Neither Interstate Bond Company, nor the defendant, The John Allan Company, or Magdalene P. Schalk, reimbursed the city for its repair expenses, which gave rise to its lien filed on September 8, 1969, so the city contends that the tax deed issued 2 days later on September 10, 1969, was improperly ordered. Plaintiff contends that the unequivocal language of the above statutory provision makes it irrelevant that the city was authorized to do the work resulting in a lien in June 1968, 20 months after the tax sale, the work completed and the final bill paid by July 1969, well before the period of redemption had run with the lien not filed until September 8, 1969, after the new Act upon which the city relies as requiring its reimbursement had gone into effect.

■■■ The plaintiff's most direct attack on the tax deed based on the above reasoning is that the tax deed is simply void for want of jurisdiction of the court to order its issuance without complying with section 271.1 of the Revenue Act. The plaintiff argues that the concept of jurisdiction includes not only the bounds as to persons, actions, and property, but also the particular thing ordered or decreed by the court so that even though the court here had jurisdiction over the property and the parties, the enactment of section 271.1 of the Revenue Act took away the court's jurisdiction to thereafter award tax deeds unless the city was reimbursed for money it expended on the property. It is true while that jurisdiction is not only the power of the court to hear and determine a particular case, but also the power to render the particular judgment entered, and every act of the court beyond its jurisdiction is void. (*Thayer v. Village of Downers Grove*, 369 Ill. 334, 16 N.E.2d 717.) However, when a court acquires jurisdiction both of the subject matter and parties in a tax foreclosure proceeding, it retains jurisdiction to enter a supplemental decree ordering issuance of a tax deed. (*Shapiro v. Hruby*, 21 Ill.2d 353, 172 N.E.2d 775.) It is the jurisdiction over the land itself, which is acquired in the original application for judgment

and order of sale, that gives the court the power to act. (*Cherin v. The R. & C. Co.*, 11 Ill.2d 447, 143 N.E.2d 235.) That jurisdiction, once acquired, continues through the entire proceedings, including the order to issue the deed. *Farlow v. Oliver*, 29 Ill.2d 493, 194 N.E.2d 262.

■■ One of the grounds of defendant's motion to strike and dismiss the city's complaint was that, regardless of the fact that it was instituted as a suit to enforce the city's lien, as well as to set aside the tax deed, it was really a collateral attack on the defendant's tax deed of September 10, 1969, and therefore could only properly be brought under section 72 of the Civil Practice Act. When a tax deed is entered, section 266 of the Revenue Act provides that a new chain of merchantable title is created. (Ill. Rev. Stat., ch. 120, par. 747.) It has been said that a tax deed gives the purchaser a new and independent title, free and clear from all previous titles and claims of every kind and character. (*People v. Cottine*, 20 Ill.App.2d 562, 156 N.E.2d 774.) "By its enactment of section 266 of the Revenue Act, the legislature intended to render tax titles incontestable except by direct attack, unless the circumstances are such as to warrant the application of section 72 of the Civil Practice Act, or unless the order directing the issuance of deed was utterly void. [Citations.] An order is rendered void, not by reason of mere error or impropriety, but by lack of jurisdiction by the issuing court of either the subject matter or the necessary parties [citation], and we have frequently stated that jurisdiction once acquired in a tax foreclosure action continues through the entire proceeding, including the order for deed." *Farlow v. Oliver*, 29 Ill.2d 493 at 499.

Section 266 of the Revenue Act provides, "Tax deeds issued pursuant to this Section are incontestable except by appeal from the order of the court directing the county clerk to issue the tax deed. However, relief from such order may be had under Section 72 of the 'Civil Practice Act' * * * in the same manner, upon the same grounds and to the same extent as may be had under that Section with respect to final orders, judgments and decrees in other proceedings * * *." (Ill. Rev. Stat., ch. 120, par. 747.) A petition seeking relief under section 72 must be filed in the same proceeding in which the order, judgment or decree was entered, but is not a continuation thereof. (Ill. Rev. Stat., ch. 110, par. 72(2).) Of course the instant case was instituted as a suit to enforce the city's lien and to set aside a tax deed, and in fact, the city was never a party to the proceedings culminating in the issuance of the tax deed to the plaintiff. Although the trial court specifically found that all required notice was given, the city did not appear at any time during the period of redemption, nor did it contest the issuance of the tax deed.

Section 72 requires that a petition seeking relief under it must be

filed not later than 2 years after the entry of the order, judgment or decree challenged. (Ill. Rev. Stat., ch. 110, par. 72(3).) However, it also provides that nothing contained therein shall affect any existing right to relief from a void order, judgment or decree, or to employ any existing method to procure that relief (Ill. Rev. Stat., ch. 110, par. 72(7)), and the city contends that, therefore, even if its action should have been brought under section 72 rather than a separate action, the statute of limitations would not apply because the tax deed was void. The city also argues that its suit was not a mere collateral attack on the tax deed, but rather a foreclosure suit brought on its statutory lien created by section 11—31—1 of the Municipal Code which provides for a repair or demolition lien, and a 3-year period in which to bring a foreclosure suit. Ill. Rev. Stat., ch. 24, par. 11—31—1.

The defendant, Magdalene P. Schalk, relies on section 72(5) of the Civil Practice Act which gives added protection to certain third parties who, as bona fide purchasers, have justifiably relied upon the order or decree being attacked. (Ill. Rev. Stat., ch. 110, par. 72(5).) The city contends that this is not applicable here, alleging that the city was not given proper notice of the tax deed proceedings, and that such defect was clear on the face of the record. In *Southmoor Bank & Trust Co. v. Willis*, 15 Ill.2d 388, 155 N.E.2d 308, a tax deed had been issued pursuant to a court order accompanied by a finding that the petitioner had complied with all provisions entitling it to a tax deed as in the instant case. The former owner filed a suit under section 72 of the Civil Practice Act attacking the deed as void on the grounds that section 247 of the Revenue Act provided that where all prior taxes were not paid, the purchase shall become void and offered evidence that some of the taxes had not been paid on the property in issue. The supreme court said that the third-party bona fide purchaser would not be deprived of his property interest on those grounds, having relied on the tax deed previously issued.

The city of Bloomington received authority to do the repair work on the property here involved by section 11—31—1 of the Illinois Municipal Code, which also provides that:

> "The cost of such demolition or repair incurred by such municipality or by a lien holder of record is recoverable from the owner or owners of such real estate and is a lien thereon, which lien is superior to all prior existing liens and encumbrances, except taxes: provided that, within sixty days after such repair or demolition, the municipality or the lien holder of record who incurred such cost and expense shall file notice of lien of such cost and expense   *   *   *."

In a case where the city of Chicago sought to foreclose its demolition lien acquired pursuant to the above provisions, as in the instant case, even though a tax deed had issued subsequent to the acquisition of the lien by the city, the court held that the city's lien had been extinguished. In that case the factual change of events was similar to the instant case, but all prior to the enactment of section 271.1 of the Revenue Act upon which the city of Bloomington relies; the defendant had purchased the land at a tax sale, the city sought and received authorization to demolish and performed the work, the defendant filed for tax deed, giving the city notice as required by law, the city did not appear at the tax deed proceedings, the city filed its demolition lien, the tax deed was issued to the defendant, and then later the city filed a complaint to foreclose its lien. (*City of Chicago v. City Realty Exchange,* 127 Ill.App.2d 185, 262 N.E.2d 230.) That court said that "One of the interests a tax purchaser acquires through his certificate of purchase is the right to be paid the price of the sale, interest, costs and any other taxes paid, if there is redemption. This right is a charge on the real estate for payment of the debt represented by the taxes. A charge on property for the payment of a debit is a lien. * * * For these reasons we conclude that from the date of its issuance to the date of a valid tax deed, defendant's certificate of purchase was a lien for taxes. Therefore, it was error for the trial court to enter a decree which foreclosed plaintiff's demolition lien in derogation of defendant's superior rights as the owner of a tax certificate of purchase which at the time of the foreclosure suit had ripened into a merchantable title." The basis of that court's decision for the defendant tax purchaser is the language in section 11—31—1 of the Municipal Code which provides that a city's lien for demolition or repair shall be superior to all pre-existing liens, except for taxes, the court finding that a tax sale purchaser has a lien for taxes. In response to the plaintiff's argument that only the People can have a tax lien, the court said the People have a lien, but the Revenue Act has provided a means for governmental agencies to collect that debt by a tax sale, and when the full amount of taxes is bid, such lien ends and the purchaser has the right to be paid the full amount of the sale and interest plus costs and other taxes paid if there is a redemption.

■■ Until 1961 a city's repair or demolition lien was to be "subordinate to all prior and existing encumbrances" under section 23—70.2 of the Cities and Villages Act. In 1961 the Illinois Municipal Code was enacted in place of the Cities and Villages Act, and the above provision was altered to provide such lien was to be "superior to all prior existing liens and encumbrances, except taxes." (Ill. Rev. Stat., ch. 24, par. 11—31—1.)

The "except taxes" language could arguably be intended to run only in favor of the tax collecting governmental bodies, but the *City of Chicago v. City Realty Exchange* opinion rejected that interpretation, tracing the case law on the matter and finding that the whole purpose of the tax sale structure is to foster the collection of taxes, and that the purchaser's tax lien carries with it the preferred status of the tax exception to the superiority of demolition or repair liens. The plaintiff, city of Bloomington, argues that section 271.1 of the Revenue Act, effective August 28, 1969, was intended to give the city complete superiority in such cases by requiring that its lien be paid before tax deeds are issued. The defendant contends that the tax deed *was* entered, so, even if erroneous, it is not subject to the collateral attack as attempted by the city of Bloomington, and also argues that section 271.1 of the Revenue Act would not be applicable to this transaction at all where the tax sale took place on October 24, 1966, the period of redemption expired on August 25, 1969, while the provision in issue only became effective on August 28, 1969. The defendants argue that all rights of the parties were fixed as of the date of the tax sale, and no legislation could subsequently be enacted which would change the substantive rights acquired by the tax purchaser on October 24, 1966. At that time section 216 of the Revenue Act provided that a purchaser at a tax sale received a lien superior to all others (Ill. Rev. Stat. 1967, ch. 120, par. 697), and by section 260 of the Revenue Act would be entitled to a tax deed granting him a fee simple merchantable title (Ill. Rev. Stat. 1967, ch. 120, par. 747) if he followed the provisions of sections 263 and 266 of the Revenue Act relating to the filing of a petition for tax deed and serving notice and paying all subsequent taxes and redeeming all subsequent sales. Ill. Rev. Stat. 1967, ch. 120, pars. 744, 747.

It must be remembered that this is not a direct appeal of the tax deed or section 72 attack on it; rather, it is an appeal by the plaintiff from the granting of the defendant's motion dismissing the plaintiff's suit on its lien for repairs and to set aside the defendant's tax deed. However, the underlying issue which determines whether or not the plaintiff had a valid cause of action is the effect of section 271.1 of the Revenue Act, it being the essence of all three of the city's fundamental arguments: that the tax deed should be set aside and is void because the court had no jurisdiction to order its issuance after the August 28, 1969, effective date of the above-mentioned provision making payment of a city's lien a prerequisite; that the section 72 exemption to its 2-year statute of limitations in the case of an attack on void judgments or decrees applies to its suit; and that regardless of what had gone before and the rights that had

accrued to the tax purchaser, section 271.1 was in effect prior to the order to issue the tax deed and therefore requires the city's lien to be paid.

As stated above, *City of Chicago v. City Realty Exchange* held that from the date of issuance to the date of a valid tax deed, a real estate tax certificate of purchase was a lien for taxes to which a city's demolition lien was subordinate. The construction of 271.1 of the Revenue Act argued by the city of Bloomington would have the effect of making its municipal lien created by section 11—31—1 of the Municipal Code recorded on September 8, 1969, superior to the lien of the tax purchaser acquired at a tax sale on October 24, 1966, even though at the time section 271.1 went into effect the defendant had the tax-sale certificate, the period of redemption had run, and all that remained was for the tax deed to be issued which was done on September 10, 1969, 2 days after the city had filed its lien for repairs.

■■■ The general rule that statutes will not be applied retroactively unless such was clearly the intent of the legislature is not usually applied to statutes which merely relate to remedy and procedure and which do not affect substantive rights. Therefore when a statute giving a special remedy is amended without a savings clause pertaining to pending actions, all actions affected must be decided according to the law as it then exists in both the trial and appellate courts regardless of whether the action accrued before or after the change. (*Hogan v. Bleeker*, 29 Ill.2d 181, 193 N.E.2d 844.) That court noted that even procedural or remedial statutes are not construed retroactively where to do so would deprive one of a vested property right, but in any event it is clear from decisions of the Illinois Supreme Court and the United States Supreme Court that liens, including those authorized solely by statute as well as the rights acquired by the purchasers at statutory tax sales, have been considered to be sufficiently substantial so as to fall within the concept of "property" that is protected by the provisions of both the Federal and State Constitutions prohibiting impairment of contract and the taking of property without due process. The United States Supreme Court has noted that with practically unanimity, the Federal and State courts have held that any substantial alteration by subsequent legislation of the rights of the purchaser at a tax sale accruing to him under laws in force at the time of his purchase is void as impairing the obligation of contract. *Wood v. Lovett,* 313 U.S. 362, 85 L.Ed. 1404, 61 S.Ct. 983.

The situation in a recent case before the First District Appellate Court was even more favorable to the city who held a lien for demolition against property involved in the petition for tax deed than the circum-

stances of the instant case. In the case *In Re Application of County Treasurer*, 14 Ill.App.3d 1062, 304 N.E.2d 9, a sale for delinquent taxes was held on March 25, 1968, the certificate of purchase issued, and the period of redemption extended to April 10, 1970. At the time of the sale, the lots were subject to a $4735 lien of the city of Chicago for demolition expenses. It was noted that the city's lien's relative priority was governed by section 11—31—1 of the Municipal Code as in the instant case—"The cost of such demolition or repair * * * is a lien thereon, which lien is superior to all prior existing liens and encumbrances, except taxes * * *". Effective August 28, 1969, the Revenue Act was amended to provide that no tax deed should be issued until the city was reimbursed. (Ill. Rev. Stat. 1969, ch. 120, par. 752.1.) On November 12, 1969, the tax purchaser filed a petition alleging that she owned the certificate of purchase, no redemption had been made, all taxes had been paid, and that she had given proper notice to all having an interest, including the city of Chicago. A hearing was held, the tax purchaser proved she had fulfilled all of the requirements for issuance of a tax deed, except paying the city's demolition lien. The tax purchaser argued that when she obtained a certificate of purchase in 1968, a demolition lien was subordinate to the lien for taxes, and therefore section 271.1 of the Revenue Act of August 28, 1969, coming 1½ years after she acquired her rights, could not be retrospectively applied. At a hearing the trial court in that case entered an order in which it found that the tax purchaser was the lawful owner of certificates of purchase and the period of redemption had expired without redemption, and even though the tax purchaser had complied with all other requirements of the Revenue Act for issuance of a tax deed, she had not paid the city of Chicago for its demolition lien as required by section 271.1 of the Revenue Act. That Act was found to be retrospective and the trial court held it did not deprive the tax purchaser of any constitutional rights under either the Federal or Illinois Constitutions, and therefore denied the petition for issuance of a tax deed.

The appellate court carefully traced the history and purchase of the Revenue Act in deciding the sole issue of whether the 1969 amendment was intended to be a retrospective law. That court noted that when the tax purchaser acquired a certificate of purchase at the tax sale, she became the owner of a lien for taxes, which is a vested property right entitling her to a tax deed to the lots if no redemption was made and requirements of all statutes dealing with taxation of real estate and the sale of land for delinquent taxes were fulfilled. The court then discussed the basic rules of interpreting legislative intent as to retroactivity, noting that generally laws are to be applied only prospectively, concluding that

"When a law affects vested rights, as did the statute in this case, there comes into play the public policy against retroactive legislation, a policy embedded in constitutional provisions that guarantee due process of law, prohibit *ex post facto* laws and forbid impairment of the obligation of contracts. [Citation.]" (14 Ill.App.3d at 1065.) The court then reversed the order dismissing the tax purchaser's petition for issuance of a tax deed.

██ It should be noted that in the above case the city of Chicago held a demolition lien at the time the tax purchaser bid and acquired the tax-sale certificate of purchase, whereas in the instant case, the city of Bloomington sought permission and performed the repair work after the tax sale, and recorded its lien after the redemption time had run, and only 2 days before the tax deed was issued. The city's final argument in its suit was for restitution based on the grounds that the defendant would be unjustly enriched at the expense of the public if the city's lien were not repaid. Without citing any cases, the city contends that section 271.1 of the Revenue Act and section 11—31—1 of the Municipal Code may be interpreted compatibly to allow the tax deed to be valid and stand, but made subject to the city's being reimbursed for the improvements made to prevent unjust enrichment of the tax purchaser. However, in this case the city did not appear at any of the tax-deed proceedings, nor did it in any way diligently pursue the matter—not recording its lien promptly, not objecting to the issuance of the tax deed, nor directly appealing from it, but rather waiting 2 years and 11 months after the issuance of the tax deed to even institute this suit to enforce its lien and set aside the tax deed. Laches weighs strongly against any recovery for the city to prevent unjust enrichment at the expense of the municipal treasury. In fact, a party may not even avail himself of the remedies provided by section 72 of the Civil Practice Act unless he shows that through no fault or negligence of his own, the error or fact or the existence of a valid defense was not made to appear to the trial court. As indicated above, here the city did not move within the 2 years provided by section 72, and was dilatory throughout the entire matter.

In addition to the matter of laches weighing against the city, there are also contravening public policy considerations. The entire system of sales for taxes exists for the benefit of governmental units such as the plaintiff. If property does not pay its fair share to the city for police protection, streets, and other services, it may be sold with taxes due being recouped and the purchaser obligated to pay future taxes. The obvious goal was to generate as high a bid as possible, and to that end significant reliability and certainty is provided, thus the requirements of

notice and filing of liens, and a time at which title becomes certain. What the city of Bloomington seeks here would clearly undermine those goals where the tax purchaser had relied on the security of the prior procedures which had been complied with, giving merchantable title. The defendant gave consideration induced by the tax-sale procedures provided for the benefit of the city's collection of taxes in 1966, at which time the city had not even begun the proceedings resulting in its expenditures for repairs and subsequent lien, and at that time the defendant acquired the tax sale certificate. Subsequent to that the defendant paid taxes and complied with all other requirements for the tax deed including the motion for its issuance. Unless there was a redemption within the time for redemption, there was nothing more for the defendant to do to be entitled to the tax deed. There was no redemption and no contest of the issuance of the tax deed. Allowing the city to recover under its unjust enrichment theory or by the construction of section 271.1 of the Revenue Act, it urges, would clearly raise all the constitutional problems mentioned in *In re Application of County Treasurer.*

The policy is expressed quite clearly in section 266 of the Revenue Act providing that "Tax deeds issued pursuant to this Section are incontestable except by appeal from the order of the court directing the county clerk to issue the tax deed. However, relief from such order may be had under Section 72 * * *. This Section shall be liberally construed so that tax deeds herein provided for shall convey merchantable title." (Ill. Rev. Stat., ch. 120, par. 747.) The clear intent of these provisions are to make tax deeds desirable so as to induce reasonable bids at tax sales and also to further the general goal of having certainty in title to real estate.

The purpose of the sections of the Revenue Act involved in this matter providing for certificates of purchase and tax deeds is to encourage buyers at tax sales, increase the collection of taxes by governmental authorities, and to free land to re-enter the stream of commerce and bear its aliquot share of the tax burden. *Cherin v. The R. & C. Co.,* 11 Ill.2d 447, 143 N.E.2d 235.

■■ We need not consider the additional protection which the alleged third-party bona fide purchaser defendant Magdalene P. Schalk raised, as the trial court's dismissal of the plaintiff's suit to foreclose its lien and to set aside defendant's tax deed and subsequent conveyances was proper and is affirmed.

Affirmed.

TRAPP, P. J., concurs.

Mr. JUSTICE CRAVEN, dissenting:

The legislative mandate that our statutory provisions relevant to tax deeds shall be liberally construed so that tax deeds shall convey merchantable title need not be so implemented as to deprive the city of Bloomington of its lien to recover public funds spent upon the repair of the property involved.

The legislative policy supported by a legion of cases encouraging merchantability of tax deeds is not superior to the legislative policy that encourages cities and villages to repair or demolish buildings in the city or village. Section 11—31—1 of the Municipal Code (Ill. Rev. Stat. 1969, ch. 24, par. 11—31—1), authorizes the repair or demolition of buildings and provides for a lien to the city superior to all prior liens except taxes. In *Chicago v. City Realty Exchange, Inc.,* 127 Ill.App.2d 185, 262 N.E.2d 230, the court effectively subordinated such lien to the interests of a purchaser at the tax sale.

Section 271.1 of the Revenue Act (Ill. Rev. Stat. 1969, ch. 120, par. 752—1), as quoted in the majority opinion, provides that there is to be no order for the issuance of a tax deed until the claimant shall make reimbursement to the city, village or town of money advanced by it for repair or demolition. While the majority opinion properly concerns itself with the retroactive application of this statute and the possible constitutional issues that would arise in the event it is given retroactive application, it would be more appropriate to emphasize that the statute was and is jurisdictional. Even if given retroactive application, we have no constitutional issue presented because the statute specifically provides that, in lieu of reimbursement, the tax purchaser or his assignee may make application to have the tax sale set aside as a sale in error. Effectively, therefore, the statutory scheme gives the tax purchaser complete protection as indeed does the whole statutory scheme relating to tax sales.

The city in this case sought to foreclose its lien and also sought to recover upon the basis of unjust enrichment or quantum meruit. The majority opinion rejects this on the basis of laches.

The allowance of recovery on the basis of quantum meruit would in no way invalidate the tax deed. The city's right to recover may be barred by its laches but such issue should properly be determined upon the merits not upon the pleadings.

In this case, Magdalene P. Schalk asserts as a basis for her immunity from the plaintiff's sought relief that she was a bona fide purchaser for value. The conclusion reached by the majority opinion made it unnecessary to consider that asserted status. This record does not establish

that she was a bona fide purchaser for value. Indeed, the affidavit purporting to establish this fact was written not by her but by one Geraldine D. Hoffmann. It is classic hearsay and Geraldine Hoffmann's statement as to the state of mind of Magdalene P. Schalk and the resulting conclusion that Schalk was a bona fide purchaser is neither pursuasive nor competent to establish such fact.