DOWNSTATE TAX PURCHASER ASSOCIATION *et al.*, Plaintiffs-Appellees, v. STEPHEN BEAN, as County Clerk of Macon County, Illinois, Defendant-Appellant.

Fourth District   No. 4—92—0221

Opinion filed September 30, 1992.

Lawrence R. Fichter, State's Attorney, of Decatur (Norbert J. Goetten, Robert J. Biderman, and Elliott Turpin, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for appellant.

Barr & Barr, of Decatur, for appellees.

JUSTICE LUND delivered the opinion of the court:

The dispute arises from that portion of section 253 of the Revenue Act of 1939 (Act) (Ill. Rev. Stat. 1991, ch. 120, par. 734), which was amended (now section 253(c)(8) of the Act) and now provides:

"[I]ncluding (i) a fee of $35 if a petition for tax deed has been filed, which fee shall be posted to the tax judgement, sale, redemption, and forfeiture record, to be paid to the purchaser or his or her assignee; (ii) a fee of $4 if a notice under Section 241a of this Act has been served, which fee shall be posted to the tax judgment, sale, redemption, and forfeiture record, to be paid to the purchaser or his or her assignee * * *." (Ill. Rev. Stat. 1991, ch. 120, par. 734(c)(8).)

Section 253(c) of the Act lists the items to be included in computing the amount the owner of the certificate of redemption must pay to redeem from one who has purchased real property at a tax sale. (Ill. Rev. Stat. 1991, ch. 120, par. 734(c).) The $35 fee and the $4 fee did not exist prior to the adoption of the quoted provision.

Downstate Tax Purchaser Association (a not-for-profit association) and Dennis D. Ballinger, plaintiffs, filed this action to compel defendant County Clerk of Macon County (Clerk) to collect a $35 fee from the redeeming certificate holder if a petition for tax deed had been filed, to collect a $4 fee if a notice under section 241a of the Act (Ill. Rev. Stat. 1991, ch. 120, par. 722a) had been served, and to pay the $35 and $4 payments to the tax purchaser upon the redemption.

The Clerk defended the action, contending plaintiff failed to comply with section 253(d) of the Act (Ill. Rev. Stat. 1991, ch. 120, par. 734(d)). He further contended the $35 and $4 fees are to be paid by plaintiffs, not the holder of the certificate of redemption. The trial court granted the relief requested by plaintiffs, and we now affirm that decision.

Defendant's first contention arises from an apparent conflict between the provisions of the quoted portions of sections 253(c)(8) and 253(d) of the Act. Section 253(d) of the Act provides:

"Posting requirements. The county clerk shall not be required to include amounts described in paragraphs (3) through (11) of subsection (c) of this Section in the payment for redemption or the amount received for redemption, nor shall payment thereof be a charge on the land sold for taxes, unless the tax certificate holder shall have filed and posted with the county clerk not less than 30 days prior to the expiration of the period of redemption or extended period of redemption an official, original or duplicate receipt for payment of those fees, costs and expenses permitted under paragraphs (3) through (11) of subsection (c) of this Section." (Ill. Rev. Stat. 1991, ch. 120, par. 734(d).)

Plaintiffs did not pay the $35 or $4 fees and had not "filed and posted" with the county clerk a "receipt for payment of those fees" as stated in section 253(d) of the Act (Ill. Rev. Stat. 1991, ch. 120, par. 734(d)).

We recognize some confusion may exist because of the apparent conflict between the two subsections of section 253 of the Act. Section 253(d) incorporates section 253(c)(8) by referring to paragraphs "(3) through (11)." However, section 253(c)(8) directs the automatic posting of the $35 and $4 fees.

When apparent conflicts arise in construing statutory provisions, the function of the court is to ascertain and give effect to the intent of the legislation, examining the entire statute and seeking to determine the objective sought to be accomplished and the evil to be remedied. (*Harris v. Manor Healthcare Corp.* (1986), 111 Ill. 2d 350, 362, 489 N.E.2d 1374, 1379.) Generally, the purpose of the tax sale sections of the Act is to facilitate collection of tax funds required by tax-supported agencies. The policy is to encourage purchasers to buy at tax sales. *City of Bloomington v. John Allan Co.* (1974), 18 Ill. App. 3d 569, 581, 310 N.E.2d 437, 446.

■ We determine the statute is clear as to who is responsible for the $35 and $4 fees—it is to be paid by the redeeming party. If we should decide otherwise, we would be suggesting that the legislature intended the tax purchaser to pay the fee and then have it refunded— a meaningless act. The Clerk argues the only way to read the sections as consistent is to say the tax purchaser must pay the fees so as to have the receipt to file and post as required by section 253(d) of the Act. We recognize the apparent inconsistency. We will not, however, interpret the legislation as creating a meaningless act.

The tax sale purchaser, or assignee thereof, is required to file a petition in the circuit court for a tax deed under section 266 of the Act (Ill. Rev. Stat. 1991, ch. 120, par. 747). The filing fee for this petition is provided by the Clerks of Courts Act (Ill. Rev. Stat. 1991, ch. 25, par. 0.01 *et seq.*). This fee is separate from the $35 fee provided in section 253(c)(8) of the Act. The purchaser is also required by section 241a of the Act (Ill. Rev. Stat. 1991, ch. 120, par. 722a) to deliver a redemption notice to the county clerk and pay the cost of postage (plus $10 in counties with a population of 3 million or more). This cost is separate from the $4 fee provided in section 253(c)(8) of the Act. It is apparent the $35 and $4 fees are for the purpose of somewhat compensating the tax sale purchaser for the expense of *preparing* the petition for deed and the section 241a notice. This is consistent with encouraging tax sale purchases.

Section 266 of the Act (Ill. Rev. Stat. 1991, ch. 120, par. 747) requires that the county clerk be notified of the filing of a petition for deed. Section 241a notice is mailed by the county clerk. Thus, section 253(d) filing and posting is not necessary to inform the county clerk of the factors triggering the $35 and $4 additional charges to the redeeming party.

■ We conclude the only logical interpretation of section 253 of the Act (Ill. Rev. Stat. 1991, ch. 120, par. 734) is consistent with plaintiffs' position. The circuit court order directing the Clerk to collect the fees, as provided in section 253(c)(8) of the Act, from the redeeming party and directing those fees to be paid over to the tax sale purchasers on redemption is affirmed.

Affirmed.

GREEN, P.J., and KNECHT, J., concur.